COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

Paul H. KINION, Respondent.

No. 56255.

Supreme Court of Iowa.

April 25, 1973.

Hedo M. Zacherle and Lee H. Gaudineer, Des Moines, for complainant.

William L. Kutmus and Clark L. Holmes, Des Moines, for respondent.

MOORE, Chief Justice.

On December 1, 1971 complaint was filed against Attorney Paul H. Kinion consisting of nine separate counts specifying various violations of professional ethics and statutory provisions of the Iowa law.

On May 16, 1972 the matter came on for hearing before the Third Division of the Grievance Commission, pursuant to our Rule 118, as amended. The record of that hearing, which extended over two days, is before this court for de novo review in the form of a three-part transcript totaling 370 pages and 35 exhibits.

The Commission's 43 page report consisting of findings of fact, conclusions of law and recommendation that respondent's license be revoked was filed in this court January 12, 1973. Thereafter respondent gave notice of appeal. However he has now withdrawn that appeal and authorized his attorney to surrender his license. This has been done.

The Grievance Commission's report includes:

"The Commission finds that the Respondent was guilty of professional misconduct—

"(a) In utilizing bond refund checks as a fee collection device;

"(b) In misappropriating client's funds;

"(c) In failing to maintain any client's trust account;

"(d) In failing to submit fee statements and accounting to any client;

"(e) In failing to establish minimal bookkeeping and record-keeping practices;

"(f) In wrongfully obtaining court-appointment fees;

"(g) In attempting to mislead two investigatory Commissions in the Greiner check endorsement;

"(h) In repeatedly failing to advise his clients of the status of their cases or in giving them false information with respect thereto; and

"(i) In changing his testimony on significant and material issues from testimony given at prior hearings."

Our review of the entire record brings us to the same findings and conclusions. They are clearly established. We refer infra to some of the facts shown by the record.

Respondent's practice consisted primarily in the defense of persons charged with a public offense. His professional misconduct included many acts of obtaining from clerks of court cash bond refunds of his client's funds. The refund checks were made payable to himself and his client. By deceit and misrepresentation respondent concealed from several clients the fact refund checks had been issued. He cashed his client's refund checks by his own endorsement and then with different colored ink and some change of handwriting wrote his client's name as an endorsement. Proceeds of such checks were deposited in respondent's personal bank checking account. On occasions his account was overdrawn.

In Iowa State Bar Assn. Com. v. Kraschel, 260 Iowa 187, 195, 196, 148 N.W.2d 621, 626, we say:

"Canon 11 of the canons of professional ethics adopted by this court, rule 119, provides:

"'Dealing with trust property. The lawyer should refrain from any action whereby for his personal benefit or gain he abuses or takes advantage of the confidence reposed in him by his client.

"'Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or be used by him.'"

See also Disciplinary Rules 9–102(A) and (B) Iowa Code of Professional Responsibility for Lawyers, adopted by this court October 4, 1971.

Respondent had no authority either expressed or implied to endorse his client's name to the refund checks. He thereby also became guilty of professional misconduct.

Respondent practiced deceit upon the courts by filing affidavits and obtaining orders for payment of attorney fees by the county for services rendered alleged indigents when in fact the accused had paid him attorney fees.

Code section 610.15 provides: "An attorney and counselor who is guilty of deceit or collusion, or consents thereto, with intent to deceive a court or judge or a party to an action or proceeding, is liable to be disbarred, * * *." See also Disciplinary Rule 1–102(A)(4), Iowa Code of Professional Responsibility for Lawyers.

The practice of law is a privilege and not a vested right. Iowa State Bar Assn. Com. v. Kraschel, supra, 260 Iowa 187, 193, 148 N.W.2d 621, 625; In Re Disbarment of Meldrum, 243 Iowa 777, 784, 51 N.W.2d 881, 884.

Our inquiry in this disciplinary proceeding is whether respondent, Paul H. Kinion, is fit to continue as a member of the bar. His misconduct as shown by the entire record clearly establishes he should be disbarred. It is so ordered.

All Justices concur.