**The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT of the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Jack C. WHITE, Respondent.**

**No. 56386.**

Supreme Court of Iowa.

July 3, 1973.

Hedo M. Zacherle and Lee H. Gaudineer, Jr., Des Moines, for complainant.

Limited appearance for respondent, pro se.

MOORE, Chief Justice.

On January 26, 1973 by prior order and proper notice to respondent the Second Division of the Grievance Commission began its hearing of the nine complaint counts against respondent, Attorney Jack C. White, pursuant to our Rule 118, as amended. Respondent appeared by counsel and participated in the hearing which extended over two days. Respondent elected not to appear in person as was announced by his counsel.

On May 15, 1973 the report of the commission was filed in this court. Respondent was given notice thereof. The next day respondent submitted to the Chief Justice this signed statement: "I herewith respectfully voluntarily surrender my license to practice law in the State of Iowa." His certificate of admission was enclosed.

The Commission's 20-page report includes findings of fact, conclusions of law and recommendation that respondent's license be revoked. Respondent has not contested the report. The facts set out therein need not be repeated here.

Our de novo review of the facts relevant to each of the nine complaints leads us to the same findings and conclusions as reached by the Commission.

Respondent failed and refused after demand to pay or deliver within a reasonable time client's money held by him. This was in violation of Code section 610.21.

Respondent converted to his own use client's money in violation of our embezzlement statute, Code section 710.5.

Respondent engaged in dishonesty, fraud, deceit and misrepresentation in his dealings with several clients. As pertinent here Disciplinary Rule 1–102, Iowa Code of Professional Responsibility for Lawyers, provides:

"A lawyer shall not:

" *  *  *.

"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

In violation of Disciplinary Rule 9–102, respondent failed to preserve identity of client's funds held by him. He was guilty of professional misconduct by depositing client's funds in his personal bank account. That in itself is sufficient for disbarment.

The misconduct of respondent, Attorney Jack C. White, as shown by the record clearly establishes he should be disbarred. It is so ordered.

All Justices concur.