**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Robert F. WILSON, Respondent.**

**No. 58055.**

Supreme Court of Iowa.

Nov. 12, 1975.

Lee H. Gaudineer, Jr., and Hedo M. Zacherle, Des Moines, for complainant.

Robert F. Wilson, pro se.

LeGRAND, Justice.

This matter reaches us on the appeal of Robert F. Wilson from a recommendation of the Grievance Commission of this court, Fourth Division, that he be suspended from the practice of law for a period of three months on five separate charges of professional misconduct.

Following a hearing, the Grievance Commission filed its findings of fact, conclusions of law and recommendation for suspension of respondent's license. On this appeal, we review the case de novo. The facts shown by the evidence at the Commission's hearing are as follows.

All five of the incidents involve litigation started, or which should have been started, by respondent for various clients. In three of them respondent permitted the actions to be dismissed under Rule 215.1, Rules of Civil Procedure, for failure to prosecute. In each of these cases, he thereafter represented to the client that the cause was still pending, giving fictitious and deceptive reasons for delay, and advising the client the case would come on for trial within a short time.

One client made a trip from his home in Texas to Cedar Rapids on the basis of respondent's assurance a trial date was set. Upon arriving in Cedar Rapids, he was falsely told the judge's illness required a postponement. At that time, the case had long since been stricken under the try-or-dismiss rule.

In the remaining two cases, respondent failed to start actions which he had been hired to commence. He then repeatedly misrepresented the status of the matters, giving false reasons for postponement of trial. As to one of these, respondent was censured by the Ethics and Grievance Committee of the Linn County Bar Association for deceptive and unethical conduct.

In several of these cases, small settlements were made, either by respondent or by his insurance carrier. In others, no payment was made.

Respondent admits most of the above charges of misconduct. He excuses it by saying he was under extreme pressure because of domestic trouble. He says much of the inattention and neglect already described resulted from his personal problems.

The evidence establishes respondent has been guilty of conduct subjecting him to disciplinary action under our Code of Professional Conduct and under § 610.15 and § 610.24(3), (4), The Code.

Operating strongly against respondent's plea for leniency is his studied and persistent course of conduct in deceiving his clients and misrepresenting the true state of their affairs long after his inexcusable neglect had prejudiced their rights. The fact that this same procedure, with minor variations, was followed in each case shows a general disregard for the obligation of an attorney to his client.

The Grievance Commission found respondent in violation of § 610.15, The Code, which provides as follows:

"An attorney and counselor who is guilty of deceit or collusion, or consents thereto, with intent to deceive a court or judge or a party to an action or proceeding, is liable to be disbarred, and shall forfeit to the injured party treble damages to be recovered in a civil action."

Under § 610.24, The Code, violation of the standards of the above statute is made cause for revocation or suspension of a lawyer's license.

The Commission further found respondent in violation of several provisions of the Code of Professional Responsibility for Lawyers, including § DR7–101(A)(1), (2) and (3) (which deal with a zealous and faithful representation of a client in a matter committed to his care); § DR6–101(A)(2) and (3) (which deal with adequate preparation and exercise of diligence in handling of legal matters committed to his care); and § DR1–102(A)(1), (4), (5) and (6)

(which are general provisions requiring ethical and diligent conduct on the part of an attorney).

We have held the practice of law to be a privilege, not a vested right. *Committee on Professional Ethics and Conduct of Iowa State Bar Association v. Kinion,* 206 N.W.2d 726, 728 (Iowa 1973) and citations. We have also recognized our duty to discipline a lawyer, including suspension or revocation of a license to practice, when such lawyer is guilty of conduct which adversely reflects on his or her fitness to be a member of the bar. *Committee on Professional Ethics and Conduct of Iowa State Bar Association v. Bromwell,* 221 N.W.2d 777, 780 (Iowa 1974).

Respondent's conduct in the case before us impels us to agree with the Grievance Commission report in all respects. When suspension is ordered, the period of suspension is always difficult to fix. After considering all the circumstances, including respondent's argument of undue hardship, we conclude the Commission's recommendation represents a fair and just result.

We adopt the report of the Grievance Commission and order that respondent's license to practice law be suspended for a period of three months from the date hereof.

It is specifically ordered that respondent's suspension shall apply to and include all law practice. Upon respondent's application for reinstatement he shall not only furnish this court satisfactory proof he is then of good moral character and in all other ways worthy to practice law, as required by our Rule 118, but shall also prove he has not practiced law or performed any services related thereto during the period of this suspension. *See Committee on Professional Ethics & Con. v. Louden,* 209 N.W.2d 359, 360 (Iowa 1973).

All Justices concur.