COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

Steven Mark HANSON, Respondent.

No. 2–59394.

Supreme Court of Iowa.

Aug. 30, 1976.

Lee H. Gaudineer and Hedo M. Zacherle, Des Moines, for complainant.

Kenneth R. Slack, Des Moines, for respondent.

McCORMICK, Justice.

The question here is what disciplinary action is appropriate upon our de novo review of the report of our grievance commission in this attorney disciplinary proceeding. We find the license to practice law of respondent Steven Mark Hanson should be revoked.

The complaint by The Committee on Professional Ethics and Conduct of the Iowa State Bar Association against respondent was in three counts. Count I contained allegations respondent violated various statutes and disciplinary rules by possession of about four ounces of marijuana in his law office on May 22, 1975. Count II included additional allegations of violations based on possession and sale of quantities of ephedrine pills respondent mistakenly believed to be amphetamines. Count III involved allegations of violations based on conversion of a $200 retainer fee paid to the law firm of which respondent was a member. After hearing, the commission found the factual allegations of complainant were established, held respondent's conduct violated certain statutes and disciplinary rules, and recommended respondent's license to practice law be suspended. Respondent took no exceptions to the commission's report which now stands for final disposition here. Court Rules 118.9–118.11.

Like the commission, we find the record establishes the following facts. Respondent was a partner in the Altoona law firm of Irish, Skinner & Wieslander. On May 17, 1975, the partners held a meeting at which respondent expressed his intention to withdraw from the firm. Because of questions which arose during the following week about respondent's handling of firm funds, partners Edwin W. Skinner and Jerry Wieslander reviewed various files and records of the firm during the evening of May 22. While doing so, they discovered a quantity of marijuana and pills in respondent's office. They notified authorities. The marijuana was in four packets, each containing about one ounce. There were about 1300 white pills bearing a white cross marking.

When questioned by police officers about the marijuana, respondent said he maintained it for his personal use. When questioned about the pills, he said they were amphetamines he purchased from a college student in a Des Moines pool hall. He said he had taken orders from about nine persons who desired various quantities of amphetamines and bought 2000 pills, represented to him as amphetamines, for them and himself. Those persons included respondent's younger brother and sister. Respondent said he intended to transfer the pills at his cost.

The officers submitted the pills to the state criminalistics laboratory for analysis. The pills were found not to be amphetamines but to contain ephedrine, which is not a controlled substance.

Respondent's partners also learned on May 22 that respondent had kept a $200 retainer fee from a client whom he had conferred with on May 16 and May 19. Instead of delivering the fee to a secretary for deposit in the firm account when it was received on May 19, as he was obliged to do, respondent used it to make a car payment. He made restitution on May 23.

Possession of marijuana is an indictable misdemeanor under § 204.401(3), The Code. Amphetamines are a schedule II controlled substance. § 204.206, The Code. With exceptions, possession of amphetamines with intent to deliver is a felony under § 204.-401(1)(b), The Code. An accommodation offense is punishable as an indictable misdemeanor. § 204.410, The Code, 1975. Conversion of partnership funds is a felony under § 710.5, The Code. Respondent possessed marijuana and converted partnership funds; if he had received the drug he thought he was buying, he would also have possessed amphetamines with intent to deliver them.

Respondent's possession of marijuana violated DR 1–102(A)(6) of the Iowa Code of Professional Responsibility for Lawyers. His purchase, possession, and intended distribution of what he believed to be amphetamines violated DR 1–102(A)(1), (3), (4), (5) and (6). We do not believe his misconduct is mitigated simply because he did not in fact commit the crime he thought he was committing. His conversion of partnership funds violated DR 1–102(A)(1), (3), (4), (5) and (6), as well as § 610.24(3) and (4), The Code.

We must decide whether respondent is fit to continue as a member of the bar. We conclude he is not. We do not think a lawyer who attempted to engage in illegal drug traffic and who converted partnership funds possesses the qualities of good character essential in a member of the Iowa bar.[1] Respondent's license to practice law is revoked.

LICENSE REVOKED.

All Justices concur.

---

1. See *Com. on Professional Ethics, etc. v. Shaffer*, 230 N.W.2d 1 (Iowa 1975); *Com. on Prof. Eth. of Iowa St. Bar v. Rowe*, 225 N.W.2d 103 (Iowa 1975); *Committee on Professional Ethics & C. v. Bronemann*, 210 N.W.2d 607 (Iowa 1973); *Committee on Professional Ethics &* *Con. v. Sturek*, 209 N.W.2d 899 (Iowa 1973); *Committee on Professional Ethics & Con. v. White*, 209 N.W.2d 11 (Iowa 1973); *Committee on Professional Ethics & Con. v. Kinion*, 206 N.W.2d 726 (Iowa 1973).