**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Joseph E. OWENS, Respondent.**

No. 88–679.

Supreme Court of Iowa.

Aug. 17, 1988.

Rehearing Denied Sept. 16, 1988.

James E. Gritzner and Kasey Kincaid of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for complainant.

Joseph E. Owens, Des Moines, pro se.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

In this attorney disciplinary proceeding, we review the Grievance Commission's findings, conclusions and recommendation involving respondent attorney, Joseph E. Owens. The Committee on Professional Ethics and Conduct of the Iowa State Bar Association (committee) filed a complaint against the respondent before the Grievance Commission. The complaint stated that Owens had been convicted after jury trial in the United States District Court of the felony of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. sections 841(a)(1), 841(b)(1)(B) and 846, and alleged that his conduct in connection with his conviction violated an ethical consideration and several disciplinary rules.

After the complaint was filed, the committee sent a request for admissions to respondent, but he did not respond to the request. Thus, the items in the request are deemed admitted. *See* Iowa R.Civ.P. 127.

A full evidentiary hearing was later held by the commission on the allegations. The commission issued its findings of fact and conclusions of law, and recommended that respondent's license to practice law be suspended for eighteen months.

Respondent did not file an appeal. Our review, therefore, is conducted de novo pursuant to Iowa Admission to the Bar Rule 118.10. For reasons explained later in this opinion, we revoke respondent's license to practice law.

On review, the committee bears the burden of proving by a convincing preponderance of the evidence that respondent has violated the charged provisions of the Iowa

Code of Professional Responsibility for Lawyers. *Committee on Professional Ethics & Conduct v. Piazza*, 405 N.W.2d 820, 821 (Iowa 1987).

Owens was convicted of conspiracy to possess cocaine with intent to distribute. Cocaine is a controlled substance. *See* 21 U.S.C. § 812(b)(2) (Schedule II); *cf.* Iowa Code § 204.401(1)(a) (1987). We note that the burden of proof in a criminal proceeding is higher than the burden upon the committee in a disciplinary proceeding. *See, e.g., Committee on Professional Ethics & Conduct v. Kraschel*, 260 Iowa 187, 193–94, 148 N.W.2d 621, 625 (1967).

Although we have not been furnished with all the details relating to his conviction, it is clear that Owens unwisely but knowingly undertook to collect money owed to one of his clients, who was in jail, from a third party to assure payment of his own legal fees by the client. Owens knew that the money he was to collect was owed to his client for the sale of cocaine.

It appears that Owens' client, John Yoder, had sold cocaine to Lisa and Rusty Bowen on credit and had taken possession of the certificate of title to their car as collateral. Owens and his coconspirator, Mark Jefferson, a friend and past client of Owens, drove to the Bowen home in Newton, Iowa, to exchange the car title certificate for either cash or the cocaine previously sold on credit.

When Owens and Jefferson arrived at the Bowen residence, only Lisa was home. At that time, Rusty was a patient in a nearby hospital. Lisa phoned Rusty at the hospital and had Owens speak with him. The telephone conversation between Rusty and Owens was taped by federal drug enforcement agents. Additionally, Lisa was cooperating with federal agents and was wearing transmission equipment which allowed drug enforcement agents to hear and record her conversation with Owens before and after the phone call. During the telephone conversation, Rusty stated that "Lisa does have the coke." After Owens hung up, Lisa said she had "sold it," and gave Owens $1000 cash. Owens explained he was pleased to receive cash, returned

the car title certificate to Lisa, and left. Federal agents apprehended him a short time later.

These taped conversations were admitted in evidence at trial. Owens was convicted, and his conviction was affirmed on appeal. *Owens v. United States*, 822 F.2d 1095 (8th Cir.1987) (per curiam). Although the maximum sentence for the crime of which Owens was convicted is five years of incarceration, *see* 21 U.S.C. §§ 841(b)(1)(B), 846, he was sentenced to ninety days in jail and served eighty-six before being released from confinement. At the time of the hearing before the Grievance Commission, Owens was serving a nine month probation period.

At the commission hearing, Owens explained that he believed the purpose of the trip to Newton was only to exchange the car title certificate for cash, but conceded that the jury found otherwise, including his criminal complicity in the cocaine deal. He was also asked to explain why he had not answered the committee's request for admissions and gave no explanation, but offered to do so then if needed.

The federal court jury found that Owens conspired to possess cocaine with the intent to distribute it and we find no reason to question that finding. From the evidence it appears clear, at the very least, that Owens was aware of the criminal nature of this transaction. Additionally, he failed to cooperate with this ethics investigation. *See Committee on Professional Ethics & Conduct v. Horn*, 379 N.W.2d 6, 9 (Iowa 1985) (failure to respond to committee's request for an answer to a complaint deemed a separate act of misconduct).

His conduct as above stated plainly violated EC 1–5 and DR 1–102(A)(1), (3), (4), (5), and (6) as charged by the committee. *See Committee on Professional Ethics & Conduct v. Vesole*, 400 N.W.2d 591, 592 (Iowa 1987). We also note the record shows that Owens had been publicly reprimanded by the committee in 1980 pursuant to Iowa Admission to the Bar Rule 118.3 for violation of DR 7–105(A) in having threatened to file criminal charges against a client if he did not pay Owens' legal fee.

Concluding by the required standard that ethical violations occurred, we must impose an appropriate sanction. Respondent has already been punished by the criminal justice system, but that is not our task.

Attorney disciplinary proceedings are not designed to punish, but rather to determine the fitness of an officer of court to continue in that capacity, to insulate the courts and the public from those persons unfit to practice law, to protect the integrity of and the public confidence in our system of justice, and to deter other lawyers from engaging in similar acts or practices.

*Id.* at 593 (citations omitted).

The commission recommended an eighteen month suspension. We give that recommendation respectful consideration but are not bound by it. *Committee on Professional Ethics & Conduct v. Davison,* 414 N.W.2d 97, 99 (Iowa 1987). On our de novo review, we may impose a greater or lesser sanction than that recommended by the commission. *Id.* at 100; Iowa Admission to the Bar Rule 118.10. We find that the commission's recommendation is not commensurate with our past decisions and those of other states.

In other disciplinary decisions involving controlled substances, attorneys have not been treated charitably. We revoked the license to practice law of a lawyer in large part for his possession of marijuana and his possession and intended accommodation delivery of what he thought were amphetamines in *Committee on Professional Ethics & Conduct v. Hanson,* 244 N.W.2d 822 (Iowa 1976). We also revoked the license of an attorney who merely accompanied an acquaintance on a sale and delivery of cocaine, although he had no pecuniary interest in the sale in *Committee on Professional Ethics & Conduct v. Green,* 285 N.W.2d 17 (Iowa 1979). *Accord Matter of Discipline of Reutter,* 361 N.W.2d 68 (Minn.1985) (Minnesota attorney disbarred for conviction in South Dakota for conspiracy to distribute cocaine and for aiding and abetting in distribution of cocaine); *Ohio State Bar Ass'n v. Orosz,* 5 Ohio St.3d 204, 449 N.E.2d 1310 (1983) (Ohio attorney disbarred for conviction in Florida of conspiracy to possess, and possession, of cocaine); *State ex rel. Oklahoma Bar Ass'n v. Armstrong,* 638 P.2d 1127 (Okla.1982) (attorney disbarred for federal conviction of conspiracy to distribute cocaine and possession with intent to distribute marijuana). The case before us warrants like treatment. We do not think a lawyer who had a part in a conspiracy concerning illegal drug traffic possesses the qualities of good character essential in a member of the Iowa bar. *Hanson,* 244 N.W.2d at 824.

We conclude that attorney Owens' license to practice law should be, and is hereby, revoked.

LICENSE REVOKED.