WATERMAN, Justice.
Attorney Don Richard John Bauermeister pleaded guilty to federal felony drug charges. He sent a coconspirator on multiple trips to Oregon to acquire bulk quantities of marijuana for Bauermeister to sell for profit in Omaha. His mule was arrested in Utah returning with thirteen pounds *172 of marijuana.[1] When federal agents served a search warrant on Bauermeister, he self-reported to the Iowa Supreme Court Attorney Disciplinary Board (Board), and his license was placed under temporary suspension. The Board charged Bauermeister with violating Iowa Rule of Professional Conduct 32:8(4)(b) (committing a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness). A division of the Iowa Supreme Court Grievance Commission found Bauermeister violated the rule and recommended revocation of his law license. The Board seeks revocation. For the reasons explained below, we revoke his license to practice law.
I. Background Facts and Proceedings.
We find the following facts on our de novo review of the record. Bauermeister, a resident of Omaha, Nebraska, was admitted to practice law in Iowa in 2002. He worked as a full-time assistant city attorney for the City of Council Bluffs. He also maintained a small, part-time private practice in Council Bluffs. His private practice consisted primarily of defending criminal cases. Bauermeister closed his private practice and resigned from the city attorney's office after his arrest.
From November 18, 2016, until January 9, 2017, Bauermeister conspired with other individuals to buy marijuana in Oregon to sell in Omaha. Bauermeister engaged in drug dealing to make money. He does not claim any addiction or medicinal need for marijuana. Bauermeister paid a coconspirator to travel from Omaha to Medford, Oregon, pick up the marijuana, and bring it to Omaha. Bauermeister's coconspirator made three trips to bring marijuana from Oregon to Nebraska for resale. For the first two trips, Bauermeister paid the mule $1500 upon delivery of the marijuana to Bauermeister in Omaha. The coconspirator brought back six pounds of marijuana on the first trip and eight pounds on the second trip.
For the third trip, Bauermeister agreed to pay Gerald Wyzenski $2000 upon delivery of the marijuana. On January 9, 2017, during the drive back from Oregon, Wyzenski was stopped by a Utah state trooper for having an expired motor vehicle registration. The trooper smelled marijuana in the vehicle and conducted a search. This search revealed twelve, one-pound packages of marijuana and one package of THC wax, together weighing thirteen pounds.
Law enforcement obtained a search warrant for Wyzenski's cell phone, which held text messages with Bauermeister about the drug deals. In these text messages, Bauermeister gave specific directions to meet the source of the marijuana.
On May 31, federal agents personally served Bauermeister with a search warrant for his cell phone. He turned his phone over to the agents and cooperated with the investigation. On June 9, Bauermeister self-reported his conduct to the Board.
On August 24, Bauermeister was indicted on one count of conspiring to possess and distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 846 (2012). This offense is a felony under federal law and carries a maximum five-year prison term, a maximum fine of $250,000, and a term of supervised release of at least two, and not more than three, years.
*173 On October 30, Bauermeister pleaded guilty as charged in the indictment in exchange for the federal government's nonbinding sentencing recommendation of probation. Bauermeister was sentenced on January 29, 2018, to five years of probation and a $5000 fine. Bauermeister's license to practice law has been temporarily suspended since February 21 of that year. Bauermeister filed an affidavit consenting to revocation of his license. Our court elected to refer his case to the Board for investigation.
On July 19, the Board filed a complaint against Bauermeister, alleging he violated Iowa Rule of Professional Conduct 32:8.4(b) by "commit[ting] a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." The Board gave him notice that his criminal conviction was conclusive evidence warranting revocation or suspension of his license under Iowa Code section 602.10122 (2016). The Board also notified him that it intended to invoke the doctrine of issue preclusion under Iowa Court Rule 36.17(4)(c ).
The parties stipulated to the facts and to Bauermeister's violation of Iowa Rule of Professional Conduct 32:8.4(b). On December 26, after a hearing, the commission issued its findings of fact, conclusions of law, and recommended sanction. The commission adopted the stipulation of facts and rule violation and recommended revocation until February 21, 2023.
The parties disagree as to the appropriate sanction. Bauermeister now requests a suspension of his license to practice law until January 31, 2023, to track with his federal probation. The Board recommends revocation.
II. Standard of Review.
"We review attorney disciplinary proceedings de novo." Iowa Supreme Ct. Att'y Disciplinary Bd. v. Templeton , 784 N.W.2d 761, 764 (Iowa 2010). "The Board has the burden of proving a violation of an ethical rule 'by a convincing preponderance of the evidence.' " Iowa Supreme Ct. Att'y Disciplinary Bd. v. Moran , 919 N.W.2d 754, 758 (Iowa 2018) (quoting Iowa Supreme Ct. Att'y Disciplinary Bd. v. Van Ginkel , 809 N.W.2d 96, 102 (Iowa 2012) ). "A convincing preponderance of the evidence is more than a preponderance of the evidence, but less than proof beyond a reasonable doubt." Id. (quoting Iowa Supreme Ct. Att'y Disciplinary Bd. v. Thomas , 844 N.W.2d 111, 113 (Iowa 2014) ). "It is also a less stringent burden than clear and convincing evidence which is 'the highest civil law standard of proof.' " Iowa Supreme Ct. Att'y Disciplinary Bd. v. Roush , 827 N.W.2d 711, 716 (Iowa 2013) (quoting Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Ronwin , 557 N.W.2d 515, 517 (Iowa 1996) ).
The parties have submitted a stipulation of facts and violation. "Stipulations of fact are controlling, but stipulations as to violations and appropriate sanctions do not bind us." Iowa Supreme Ct. Att'y Disciplinary Bd. v. Lubinus , 869 N.W.2d 546, 549 (Iowa 2015). "Upon proof of misconduct, we may impose a greater or lesser sanction than the sanction recommended by the commission." Templeton , 784 N.W.2d at 764.
III. Ethical Violations.
The Board alleged, and Bauermeister admits, that Bauermeister's conviction of conspiring to possess and distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 846 is a felony criminal act that reflects on his fitness to practice law and, therefore, establishes a violation of Iowa Rule of Professional Conduct 32:8.4(b).
*174 Rule 32:8.4(b) provides, "It is professional misconduct for a lawyer to ... commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." Iowa R. Prof'l Conduct 32:8.4(b). Nevertheless, "[t]he mere commission of a criminal act does not necessarily reflect adversely on the fitness of an attorney to practice law." Templeton , 784 N.W.2d at 767.
In Templeton , we adopted Oregon's approach to analyzing when an attorney's criminal act reflects on his fitness to practice law.
Each case must be decided on its own facts. There must be some rational connection other than the criminality of the act between the conduct and the actor's fitness to practice law. Pertinent considerations include the lawyer's mental state; the extent to which the act demonstrates disrespect for the law or law enforcement; the presence or absence of a victim; the extent of actual or potential injury to a victim; and the presence or absence of a pattern of criminal conduct.
Id. (quoting In re Conduct of White , 311 Or. 573, 815 P.2d 1257, 1265 (1991) (en banc)).
Bauermeister engaged in a pattern of criminal conduct through his involvement in illegal drug trafficking from Oregon to Nebraska. He used a coconspirator to pick up the marijuana in Oregon and drive back with it, exposing that individual to felony criminal liability. Bauermeister's motivation was greed. His actions showed a disrespect for the law and law enforcement that is particularly troubling given his employment as a Council Bluffs city attorney and his criminal defense private practice representing persons charged with drug crimes. We conclude Bauermeister's criminal conduct reflects on his fitness to practice law, establishing a violation of rule 32:8.4(b). We must next determine the proper sanction.
IV. Sanction.
As noted, Bauermeister initially consented to revocation of his law license. Our rules now permit a revoked attorney to seek reinstatement after five years. Iowa Ct. R. 34.25(7). The commission recommended revocation of Bauermeister's license to practice law. The Board also recommends revocation. The Board notes that revoking Bauermeister's license now would prevent him from applying for reinstatement until one year after his probation ends but that revocation is still the appropriate sanction given our precedent and the commission's recommendations. Bauermeister presently recommends a period of suspension to run until he completes his federal probation in 2023.
There is no uniform sanction for a particular ethical violation. Iowa Supreme Ct. Att'y Disciplinary Bd. v. Turner , 918 N.W.2d 130, 153 (Iowa 2018). "We craft appropriate sanctions based upon each case's unique circumstances, although prior cases are instructive." Roush , 827 N.W.2d at 718 (quoting Iowa Supreme Ct. Att'y Disciplinary Bd. v. Kallsen , 814 N.W.2d 233, 239 (Iowa 2012) ). "Nevertheless, we try to achieve consistency with our prior cases when determining the proper sanction." Templeton , 784 N.W.2d at 769.
In determining the appropriate discipline, we consider the nature of the alleged violations, the need for deterrence, protection of the public, maintenance of the reputation of the bar as a whole, and the respondent's fitness to continue in the practice of law, as well as any aggravating and mitigating circumstances. The form and extent of the sanctions must be tailored to the specific facts and circumstances of each individual case. Significant distinguishing factors in the *175 imposition of punishment center on the existence of multiple instances of neglect, past disciplinary problems, and other companion violations.
Iowa Supreme Ct. Att'y Disciplinary Bd. v. Cannon , 821 N.W.2d 873, 880 (Iowa 2012) (quoting Iowa Supreme Ct. Att'y Disciplinary Bd. v. Weaver , 812 N.W.2d 4, 13 (Iowa 2012) ).
"A felony conviction is grounds for revocation or suspension of an attorney's license to practice law." Roush , 827 N.W.2d at 718 (quoting Weaver , 812 N.W.2d at 13 ); see also Iowa Code § 602.10122(1) (stating that when an attorney is convicted of a felony, "[t]he record of conviction is conclusive evidence"). In Roush , we suspended the attorney's license to practice law for sixty days after he pleaded guilty to possession of cocaine base, a federal felony. 827 N.W.2d at 714, 720. Roush , however, is distinguishable. Stanley Roush was a drug user and alcoholic with a substance abuse problem, not a drug dealer motivated by greed. Roush , 827 N.W.2d at 716-17. After his arrest, Roush addressed his substance abuse issues through participation in counseling and Alcoholics Anonymous. Id. Bauermeister claims no substance abuse addiction or mental health issues. He knowingly violated the controlled substances law for personal profit, not personal consumption.
By contrast, we have consistently revoked the licenses of attorneys who engaged in drug trafficking. Comm. on Prof'l Ethics & Conduct v. Kaufman , 515 N.W.2d 28, 29, 31 (Iowa 1994) ("Any fair comparison with sanctions in similar cases will show that revocation is demanded."); Comm. on Prof'l Ethics & Conduct v. Owens , 427 N.W.2d 463, 465 (Iowa 1988) ("We do not think a lawyer who had a part in a conspiracy concerning illegal drug traffic possesses the qualities of good character essential in a member of the Iowa bar."); Comm. on Prof'l Ethics & Conduct v. Green , 285 N.W.2d 17, 18 (Iowa 1979) (revoking license of attorney who took part in delivery of drugs, even though he "characterized himself as a 'dupe' in the transaction"); Comm. on Prof'lEthics & Conduct v. Hanson , 244 N.W.2d 822, 824 (Iowa 1976) (revoking license of attorney "who attempted to engage in illegal drug traffic and who converted partnership funds"); see also In re Disciplinary Action Against Huff , 872 N.W.2d 750, 755 (Minn. 2015) (imposing reciprocal disbarment of attorney disbarred in Illinois following guilty plea to federal charge of conspiracy to distribute marijuana); Model Standards for Imposing Lawyer Sanctions Standard 5.11(a) (Am. Bar Ass'n 1992) ("Disbarment is generally appropriate when ... a lawyer engages in serious criminal conduct [including] ... the sale, distribution or importation of controlled substances ... or an attempt or conspiracy or solicitation of another to commit [such an offense].").
We have imposed lesser sanctions for criminal conduct involving personal drug use or impaired driving. See Roush , 827 N.W.2d at 719-21 (surveying cases). But we have never imposed a sanction less than revocation for lawyers engaged in felony drug dealing for profit. And, without exception, we revoked their law licenses even before our rule change permitted applications for reinstatement after five years.
This case presents aggravating circumstances. Bauermeister was the orchestrator of the illegal drug dealing. He paid a coconspirator to assume the risk of transporting marijuana across state lines, resulting in federal felony criminal charges against that individual. Bauermeister participated in at least two earlier drug deals over several months before his mule was stopped by police and arrested. Bauermeister's pattern of criminal conduct *176 shows disrespect for the rule of law and for law enforcement officials. Id. at 717 (noting that "disrespect for the law would 'lessen ... public confidence in the legal profession' ") (alteration in original) (quoting Iowa Supreme Ct. Att'y Disciplinary Bd. v. Barry , 762 N.W.2d 129, 138 (Iowa 2009) ); Owens , 427 N.W.2d at 465 ("In other disciplinary decisions involving controlled substances, attorneys have not been treated charitably.").
Another aggravating factor is that Bauermeister engaged in for-profit drug dealing while serving as an assistant city attorney. Iowa Supreme Ct. Att'y Disciplinary Bd. v. Stansberry , 922 N.W.2d 591, 600 (Iowa 2019) (noting that an attorney's position as an assistant county attorney at the time of his criminal conduct was an aggravating factor). Illegal conduct by a public official is "particularly egregious." Comm. on Prof'l Ethics & Conduct v. Tompkins , 415 N.W.2d 620, 623 (Iowa 1987). Further, in Bauermeister's private practice, he primarily handled criminal cases, such that he "was violating the category of laws that he regularly encountered in his daily work." Roush , 827 N.W.2d at 717. Finally, the fact Bauermeister committed a felony for his own financial gain supports revocation. See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Engelmann , 840 N.W.2d 156, 166 (Iowa 2013) (collecting cases revoking licenses of attorneys convicted of financial fraud crimes for personal gain). We distinguished other financial fraud cases imposing suspensions when the attorney helped client-wrongdoers obtain loans under false pretenses without personally profiting and while believing the loans would be repaid. Id. at 164-66 (distinguishing Iowa Supreme Court Attorney Disciplinary Board v. Bieber , 824 N.W.2d 514 (Iowa 2012), and Iowa Supreme Court Attorney Disciplinary Board v. Wheeler , 824 N.W.2d 505 (Iowa 2012) ).
We find mitigating factors in this case insufficient to forestall revocation. Bauermeister has no prior discipline. Lubinus , 869 N.W.2d at 552 (noting that lack of disciplinary record is a mitigating factor). Bauermeister has also been actively involved in his children's activities, including serving as an athletic coach for more than ten years. Cf. IowaSupreme Ct. Att'y Disciplinary Bd. v. Stoller , 879 N.W.2d 199, 221 (Iowa 2016) (considering community service in mitigation). Further, Bauermeister's illegal conduct did not harm any client of his private practice. Iowa Supreme Ct. Att'y Disciplinary Bd. v. Marks , 831 N.W.2d 194, 202 (Iowa 2013) (noting that lack of harm is a mitigating factor). Bauermeister cooperated with law enforcement and with the Board and has accepted responsibility for his actions. Iowa Supreme Ct. Att'y Disciplinary Bd. v. Eslick , 859 N.W.2d 198, 202 (Iowa 2015) ("[R]emorse and cooperation generally mitigate our sanction."). Another mitigating factor is that Bauermeister self-reported his offense to the Board. However, this mitigation is lessened somewhat because Bauermeister did not self-report his conduct until after he was served with a search warrant by federal agents. Iowa Supreme Ct. Att'y Disciplinary Bd. v. Johnson , 884 N.W.2d 772, 781 (Iowa 2016).
After reviewing the recommendations from the commission, the Board, and Bauermeister; the aggravating and mitigating factors; and our precedent, we conclude the appropriate sanction is revocation of Bauermeister's license to practice law.
V. Disposition.
We revoke Bauermeister's license to practice law in the State of Iowa. All costs of this proceeding are assessed against him. Iowa Ct. R. 36.24(1).
LICENSE REVOKED.
All justices concur except Wiggins, J., who concurs in part and dissents in part, and Christensen, J., who takes no part.

See United States v. Molina , 174 F. App'x 812, 815 (5th Cir. 2006) (noting that "mule" is slang for "transporter of drugs").