**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

**v.**

**Jerald R. BRONEMANN, Respondent.**

**No. 56747.**

Supreme Court of Iowa.

Oct. 17, 1973.

Lee H. Gaudineer, Des Moines, for complainant.

Lew Eells, Cedar Rapids, for respondent.

REYNOLDSON, Justice.

This matter comes before the court on a stipulation entered into by Jerald R. Bronemann and his counsel Lew Eells; The Committee on Professional Ethics and Conduct of the Iowa State Bar Association by its attorney Lee Gaudineer; and the Jones County Bar Association by its president Glenn J. McLaughlin.

The stipulation discloses Jerald R. Bronemann has pled guilty to a number of charges of embezzlement of funds coming into his hands as attorney or fiduciary for other persons or clients.

Bronemann further stipulates his conduct has violated the Iowa Code of Professional Responsibility for Lawyers and, specifically, Disciplinary Rule 1–102, Section (A), sub-sections (3), (4), and (5), which read:

"(A) A lawyer shall not:

.    .    .    .    .    .

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice."

And further a violation of Disciplinary Rule 9–102, Sections (A) and (B):

"D.R. 9–102 Preserving Identity of Funds and Property of a Client.

(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

(B) A lawyer shall:

(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

In the instrument before us Bronemann waives his constitutional rights, including notice and hearing. Tendered with the stipulation is the original of his license to practice law in Iowa, which he agrees should be revoked.

Bronemann has violated our criminal law, the Code of Professional Responsibility for Lawyers, and the trust of his clients. His conduct is a discredit to the vast majority of the Iowa bar members who are conscientious, honest, and dedicated to the interests of their clients.

The surrender of his license is acknowledged and the same is hereby revoked. See § 610.24, The Code.

All Justices concur.