COMMITTEE ON PROFESSIONAL ETH-
ICS AND CONDUCT OF the IOWA
STATE BAR ASSOCIATION, Complain-
ant,

v.

Thomas ROWE, Respondent.

No. 57665.

Supreme Court of Iowa.

Jan. 22, 1975.

Lee H. Gaudineer Jr., and Hedo Zacherle,
Des Moines, for complainant.

Donald W. Harris, Bloomfield, for respon-
dent.

HARRIS, Justice.

This disciplinary proceeding presents no
factual dispute. Thomas Rowe (respon-
dent) received money in trust for his client
and commingled it with his own. The mon-
ey was then appropriated to respondent's
own use. Respondent, who has made resti-
tution, does not resist the commission's rec-
ommendation of the six month suspension.
We believe the circumstances demand revo-
cation.

Respondent was retained by a plumbing
contractor to collect a $2900 claim secured
by a mechanic's lien. The claim was settled
for $1500 which amount respondent re-
ceived August 8, 1973. The money was not
placed in a trust account as required by
Disciplinary Rule 9–102, Iowa Code of Pro-
fessional Responsibility for Lawyers. Rath-
er the respondent deposited the entire $1500
into his personal checking account.

He may have violated the rule because he
was pressed for funds. The balance in his
office account was soon depleted below the
amount due his client. Indeed it was shown
to be from time to time overdrawn.

The client called on a number of occasions
to inquire into the matter and respondent
advised he did not yet have the money.
Eventually the client sought other counsel
who insisted respondent once again be
asked whether settlement had been made.
This inquiry again resulted in a denial.
When confronted by counsel respondent
confessed he had received the funds and
deceived the client. $1250 was paid to the
client October 10, 1973.

Other incidents were detailed in the
record. Respondent did maintain a trust
account but often failed to use it. Rather
he would deposit his clients' monies in his
office account and write checks on it. He
justifies this violation of the rule on the sole
basis the client would eventually be paid.
But the facts here demonstrate the sound-
ness of the rule requiring trust accounts for
clients' funds. Respondent's office account
was levied upon by the Internal Revenue
Service. Following that levy respondent's
bank discontinued an informal arrangement
to honor his checks drawn on insufficient
funds. To commit a client's funds to such
an account rather than holding them in
trust is at once deceitful and reckless.

Respondent concedes he was wrong. It
cannot be claimed he was ignorant of his
wrongdoing. The record shows in the 11
years following his admission to practice
respondent served as trust officer of a Des
Moines bank for three years. In addition
he had practiced for a time with another
lawyer. While in practice with the other

lawyer respondent maintained with him a trust account as required by Disciplinary Rule 9–102. However respondent seems to have largely discontinued his compliance with the rule after the firm dissolved.

Other matters were detailed in the record but the foregoing is sufficient. Our views of professional standards as they relate to protection of a client's funds are well known and of long standing. Iowa State Bar Assn. Com. v. Kraschel, 260 Iowa 187, 148 N.W.2d 621; Committee on Professional Ethics v. Kinion, 206 N.W.2d 726 (Iowa 1973); Committee on Professional Ethics & Con. v. Sturek, 209 N.W.2d 899 (Iowa 1973).

The question is whether the respondent Thomas Rowe is fit to continue as a member of the bar. His misconduct as shown by the entire record and especially by his appropriation of trust funds and his deceit in trying to lead his client to believe he had not received the funds clearly establish he should be disbarred. It is therefore ordered respondent's license to engage in the practice of law in this state be and is hereby revoked.

All Justices concur.