COMMITTEE ON PROFESSIONAL ETH-
ICS AND CONDUCT OF the IOWA
STATE BAR ASSOCIATION, Complain-
ant,

v.

Gerald L. SHAFFER, Respondent.

No. 58097.

Supreme Court of Iowa.

May 21, 1975.

Hedo M. Zacherle and Lee H. Gaudineer,
Jr., Des Moines, for complainant.

No appearance for respondent.

UHLENHOPP, Justice.

This disciplinary proceeding involves an
attorney's commingling and converting
clients' funds.

Prior to the present proceedings, this
court's Grievance Commission reprimanded
respondent Gerald L. Shaffer for mis-

1

handling clients' funds. Thereafter, complainant Committee on Professional Ethics and Conduct of The Iowa State Bar Association received further complaints about respondent. After investigation, complainant lodged charges against respondent before the Grievance Commission. The commission held a hearing on notice.

Respondent appeared at the hearing by counsel who, on respondent's behalf, admitted all of the charges except count V. The Commission received evidence and found that the charges were established except for count V, which it found was not established. The commission filed its report with this court, recommending permanent revocation of respondent's Iowa license to practice law. It gave notice to respondent, who filed no exceptions to the report.

We approve the commission's findings. From the proceedings we find the facts to be as follows.

In 1974, respondent received $4000 for a client from a realtor and deposited the money in a trust account. Respondent subsequently commingled the money with his own funds and converted it to his own use. Later he reimbursed the client in the sum of $4000.

In 1969 or early 1970, respondent received $600 from two clients to be paid to a third person in settlement of an indebtedness. Respondent commingled this money with his own funds and converted it to his own use. In 1973 he reimbursed the clients in the sum of $600.

Prior to June 13, 1973, respondent received a sum of money from two clients to be paid to the Iowa Department of Social Services to discharge an old age assistance lien. Respondent commingled the money with his own funds and converted it to his own use. On June 13, 1973, he delivered his draft to the Iowa Department of Social Services, but the draft was dishonored. Later he discharged the old age assistance lien.

In 1972, respondent received $106.50 (and other funds) for a client as damages for injuries the client sustained in an automobile mishap. Respondent was to pay the client's hospital account with such $106.50. Instead, respondent commingled the $106.50 with his own funds and converted it to his own use. In 1974, he made restitution to the client in the sum of $106.50.

In 1973, respondent received from a client $210, which respondent was to pay to a magistrate to discharge fines and costs assessed against the client. Subsequently, respondent delivered his draft for $210 to the magistrate, but the draft was dishonored. Still later respondent made restitution of $210.

■ I. Respondent violated the Iowa Code of Professional Responsibility For Lawyers, rule 1–102(A)(3), (4), and (5), which relates to illegal conduct involving dishonesty, and rule 9–102(A) and (B), which relates to intermingling and converting clients' funds. His license should, therefore, be revoked. Committee on Professional Ethics and Conduct of Iowa State Bar Association v. Rowe, 225 N.W.2d 103 (Iowa).

II. In its report, the commission suggests a possible conflict between rule 127 of the Rules of Civil Procedure and rule 118.6 of the rules on discipline of attorneys. Rule 127 authorizes requests for admission of matters which are subject to discovery and states that a request for an admission is admitted unless an answer or objection to it is filed within the prescribed time. Rule 118.6 makes rule 127 (and other discovery rules) applicable to disciplinary proceedings but states that an attorney is not required to answer a request for admission or other question "if the answer would be self-[in]criminatory." Rule 118.6, Rules on Admission to the Bar, Code 1975.

■ One of the recognized principles of construction is that statutes are to be read together and harmonized if possible. Northern Natural Gas Co. v. Forst, 205 N.W.2d 692 (Iowa). The same principle applies to rules promulgated by a court. Bal-

timore Transit Co. v. Mezzanotti, 227 Md. 8, 174 A.2d 768; 21 C.J.S. Courts § 177 at 283; 35A C.J.S. Federal Civil Procedure § 13 at 53–54. We think the principle applies here, as we adopt various rules with our existing rules in mind.

Reading rules 127 and 118.6 together, we see no conflict. When a request for an admission is filed in a disciplinary proceeding, the addressee may within the prescribed time answer the request, or he may object to it on the ground of self-incrimination or other ground, or he may do nei-ther—in which event the matter stands admitted by virtue of the terms of rule 127.

License revoked.

All Justices concur except McCORMICK, J., who takes no part.