**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**William PAPPAS, Respondent.**

**No. 67175.**

Supreme Court of Iowa.

Dec. 23, 1981.

Lee H. Gaudineer, Des Moines, for complainant.

B. Michael Dunn, Mason City, for respondent.

McGIVERIN, Justice.

The question here involves what action is appropriate upon our de novo review of the report of our Grievance Commission in this attorney disciplinary proceeding involving respondent William Pappas. We revoke his license to practice law.

A complaint in two counts was filed by the Committee on Professional Ethics and Conduct of the Iowa State Bar Association against respondent before our Grievance Commission. The record at the hearing before the Commission contained the complaint, the Committee's interrogatories and requests for admissions, and respondent's answers thereto, as well as evidence as to respondent's general abilities as a lawyer.

Respondent admitted all of the factual claims and allegations of statutory and ethical violations made against him by the Committee and does not contest the Grievance Commission's report and recommendation. He stated that starting in 1976 he was heavily in debt and owed delinquent income taxes. This led to his eventual improper use of client's and fiduciary funds to pay his personal obligations.

From the record the following facts appear. As alleged in Count I of the complaint, respondent was appointed by the district court in Cerro Gordo County on September 21, 1978, as receiver in the case of Citizens State Bank of Glenville v. Mishak Truck Lines, Inc., and Frank Mishak. Between October 9, 1979, and March 9, 1980, Pappas, as receiver, came into possession of $24,000 which he was to hold, pending a court order as to distribution. He converted these funds to his own use without the authorization, approval or knowledge of the court or parties involved in the case. A substantial sum of this money was deposited by respondent in his personal bank account. He later made restitution of these funds.

According to Count II, on September 21, 1977, Pappas was appointed by the district court in Cerro Gordo County as conservator of the property of Doris H. Fitzgerald. While serving as conservator, respondent received funds of his ward. Between October 20, 1978, and August 15, 1980, he converted $6,767 of these funds to his own use and deposited them in personal bank accounts without the knowledge or permission of the ward or court. As a result of respondent's improper use of these funds, nursing home, ambulance, doctor and medicine bills of his ward were not timely paid. He later made restitution and the ward's debts were paid.

We find, and respondent admitted, that his conversion of these funds held in trust, totaling $30,767, to his own use was willful and knowing.

As to Count I, respondent admitted he violated section 714.1, The Code (theft), as well as section 610.24(3) and (4). In addition, he violated several Ethical Considerations of the Iowa Code of Professional Responsibility for Lawyers: EC 1–5 (refraining from all illegal and morally reprehensible conduct); EC 9–2 (acting in a manner

that promotes public confidence in the integrity of the legal system and profession); EC 9-5 (commingling of funds of a client and his lawyer should be avoided); and EC 9-6 (acting to inspire the trust of the attorney's clients and the public). He also violated the following Disciplinary Rules:

DR 1-102 Misconduct.

(A) A lawyer shall not:

(1) Violate a disciplinary rule.

\* \* \* \* \* \*

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other practice that adversely reflects on his fitness to practice law.

DR 9-102 Preserving Identity of Funds and Property of a Client.

(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

(B) A lawyer shall:

\* \* \* \* \* \*

(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

As to Count II, Pappas admitted he violated section 610.21, The Code (unlawful retention of money by an attorney), as well as sections 610.24(3) and (4), and 714.1. In addition, he violated Ethical Considerations EC 1-5, EC 9-5 and EC 9-6 and Disciplinary Rules 1-102(A)(1), (4), (5) and (6) and 9-102(A)(2) and (B)(1)-(4).

Discipline is warranted. Pappas violated his duties of trust as an officer of the court and as a fiduciary. He committed first-degree theft in both the Mishak and Fitzgerald matters. General principles and considerations pertaining to the gravity of the offense as it relates to the applicable disciplinary sanctions have been discussed in our cases. *See, e.g., Committee on Professional Ethics v. Bromwell*, 221 N.W.2d 777, 780 (Iowa 1974). A criminal conviction is not a condition precedent to a disciplinary proceeding when the facts themselves warrant discipline. *Committee on Professional Ethics v. Wilson*, 270 N.W.2d 613, 615 (Iowa 1978). The charges against respondent must be proved by a convincing preponderance of the evidence. *Id.* We conclude they have been so proved.

In the past we have disbarred attorneys found to have commingled client's funds with their own and converted them to their own use. Examples are *Committee on Professional Ethics v. Shaffer*, 230 N.W.2d 1 (Iowa 1975); *Committee on Professional Ethics v. Rowe*, 225 N.W.2d 103 (Iowa 1975); *Committee on Professional Ethics v. Bronemann*, 210 N.W.2d 607 (Iowa 1973); *Committee on Professional Ethics v. Sturek*, 209 N.W.2d 899 (Iowa 1973).

The Grievance Commission recommended revocation of respondent's license to practice law. We agree with that recommendation. The license of William Pappas to practice law in this state is revoked.

LICENSE REVOKED.