COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

John E. VASEY, Respondent.

No. 85-584.

Supreme Court of Iowa.

Aug. 21, 1985.

Patrick W. O'Bryan of Comito & Capps, Des Moines, for complainant.

John E. Vasey, Nevada, pro se.

HARRIS, Justice.

The facts in this attorney disciplinary proceeding are strikingly similar to those we recently recited in *Committee on Professional Ethics v. Jones*, 368 N.W.2d 157 (Iowa 1985). Except for unimportant details the facts are, with the exception of the number of years involved, identical to those in *Jones*.

Respondent Vasey did not file his 1981 state or federal income tax returns until 1983. One 60-day extension for filing the federal return was obtained but no such extension was obtained for the state return. At the time of the grievance commission's hearing the federal taxes due were being paid under an installment agreement with the internal revenue service. Facts about the payment for state taxes were unknown.

Respondent completed his 1982 questionnaire to our attorney disciplinary commission, certifying he had filed the return. The questionnaire was mailed to the com-

mission in January 1983. The respondent says he thus signed the questionnaire and gave it to his secretary with instructions to hold it until the returns were filed. He claims the secretary, with whom he later had a falling out, violated his instructions in order to embarrass him.

We, like the commission, are not persuaded by respondent's story. In rejecting it we do not suggest whether Vasey could justify the false certificate by directing his secretary to withhold filing it until the facts became true. It is enough here to agree with the commission in rejecting Vasey's version of how the certificate came to be filed.

Respondent attributes his failures to the turmoil surrounding the breakdown of his long-time marriage. The marriage was dissolved in 1978. According to the commission decision he thereafter encountered problems with alcohol and voluntarily entered a treatment center in the fall of 1978. In the spring of 1979 he remarried his former spouse, purchased a new dwelling as a part of the reconciliation, and incurred expenses in a lifestyle that exceeded his income. His remarriage was unsuccessful and the parties separated in about one year. His wife began a new dissolution action in June 1981 which went to trial in the spring of 1982. These problems somewhat explain but do not justify respondent's misconduct.

Respondent's failure to file returns violated EC 1–5, EC 9–6, and the disciplinary rules we have listed in prior opinions on the subject. *See Committee on Professional Ethics v. Crawford,* 351 N.W.2d 530, 531–32 (Iowa 1984) and cases there cited. The false answer to the questionnaire violated court rule 121.4(b) and (c). The respondent should be disciplined. Under the circumstances, with special consideration given to the fact that but one year was involved, we think a one-year suspension would be appropriate.

Respondent's license to practice law is suspended indefinitely. During this period he must refrain from the practice of law as that term is defined in court rule 118.12.

His license shall not be reinstated for at least twelve months from May 23, 1985, the date his license was suspended by prior order. Any application for reinstatement shall be governed by court rule 118.13.

LICENSE SUSPENDED.