COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Doren M. SHIFLEY, Respondent.

No. 86–400.

Supreme Court of Iowa.

July 23, 1986.

James E. Gritzner, of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, and Hedo M. Zacherle, Des Moines, for complainant.

Robert B. Scism, of Scalise, Scism, Sandre & Uhl, Des Moines, for respondent.

REYNOLDSON, Chief Justice.

Before us for review are the findings and recommendation of the grievance commission in a disciplinary proceeding brought by complainant Committee on Professional Ethics and Conduct of The Iowa State Bar Association against respondent Doren M. Shifley.

The incident that led to this proceeding was the basis of a prior disciplinary action before us involving respondent's former partner, Thomas M. Kelly, Jr. *See Committee on Professional Ethics & Conduct v. Kelly,* 357 N.W.2d 315 (Iowa 1984).

At the hearing now before us there was substantial evidence to support the commission's findings that while Kelly and respondent were partners, the latter caused a motion to be filed on January 4, 1980, to secure a reduction in a cash appeal bond posted for one of Kelly's clients. This was without the client's knowledge or consent. The motion stated the money obtained by the reduction would be used for attorney fees, "costs of securing transcripts, and other necessary costs including printing of appendix and brief." This motion was signed with Kelly's name. Although respondent denied signing Kelly's name in the latter's hearing [1] and professed no knowledge of it in this proceeding, the commission found, as do we, there was clear and convincing evidence by two expert witnesses that respondent did sign Kelly's name on the motion.

The evidence also is clear that respondent caused the order granting the motion to be executed by the court, ex parte. The clerk of court issued a check for $2500 payable to Thomas M. Kelly, Jr. Respondent obtained the check, acknowledging receipt thereof on the records of the clerk "Thomas M. Kelly, Jr., by Doren Shifley."

Respondent took the check to his office where it was deposited in the partnership office account, not the firm trust account. Before that deposit on January 4, 1980, the office account had a balance of only $71.14. On that date respondent made two $500 withdrawals for Kelly and himself. Respondent again made a $500 withdrawal for himself on January 7, 1980. The balance of the $2500 was used to pay miscellaneous office expenses. None of the money was used toward the appeal for Kelly's client, which appeal ultimately was dismissed for lack of attention.

I. Under our ethics rules, lawyers must conduct themselves "with honesty and truthfulness, and should avoid statements or actions that are calculated to deceive or mislead." *Committee on Professional Ethics & Conduct v. Hurd,* 325 N.W.2d 386, 390 (Iowa 1982). Here, despite respondent's denial, the committee proved by a convincing preponderance that respondent caused the bond reduction motion to be prepared, signed Kelly's name on it, arranged for the motion to be submitted to the court, and obtained the $2500 check from the district clerk of court. Further, the committee has shown that respondent promptly commingled these funds in the firm's office account and converted a portion of them to his own use.

We find, as did the commission, that respondent's conduct violated DR 1–102(A)(1) (violation of a disciplinary rule); DR 1–102(A)(3) (conduct involving moral turpitude); DR 1–102(A)(4) (dishonesty, fraud, deceit or misrepresentation); DR 1–102(A)(5) (conduct prejudicial to the administration of justice); DR 1–102(A)(6) (conduct reflecting adversely on counsel's fitness to practice law); EC 9–5 (separation of client's funds); EC 9–6 (upholding the integrity and honor of the profession); DR 9–102(A) (maintenance of a trust account for only client's funds); and DR 9–102(B) (maintenance of a record of those funds). *See Committee on Professional Ethics & Conduct v. O'Connor,* 329 N.W.2d 1, 4 (Iowa 1983); *Committee on Professional Ethics & Conduct v. Pappas,* 313 N.W.2d 532, 533–34 (Iowa 1981); *Committee on Professional Ethics & Conduct v. Toomey,* 253 N.W.2d 573, 575 (Iowa 1977); *Committee on Professional Ethics & Conduct v. Shaffer,* 230 N.W.2d 1, 2 (Iowa 1975).

---

1. The transcript of the Kelly hearing was made a part of the record here.

II. We determine the discipline to be imposed based on the facts of each case. *Committee on Professional Ethics & Conduct v. Rogers,* 313 N.W.2d 535, 537 (Iowa 1981). Here, respondent previously has been disciplined and his license suspended for a six-month period. *See Committee on Professional Ethics & Conduct v. Shifley,* 312 N.W.2d 558 (Iowa 1981). We consider this fact in making our current determination. *See* Iowa Sup.Ct.R. 118.7.

Moreover, we have an obligation to protect the public and the courts from theft and deceit. Our prior case law discloses that commingling a client's funds and converting them to personal use may result in license revocation and not mere suspension. *See, e.g., O'Connor,* 329 N.W.2d at 4; *Pappas,* 313 N.W.2d at 534; *Toomey,* 253 N.W.2d at 575; *Shaffer,* 230 N.W.2d at 2.

Respondent's defense in this case centered around a denial under oath that he signed Kelly's name to the bond reduction motion. He offered evidence of passing a lie detector test in 1983, administered by a person whom he had employed in other situations for such purposes. The commission rightly sustained objections to this evidence on the basis of our general rule that polygraph evidence is inadmissible at least in the absence of the parties' stipulation. *See Haldeman v. Total Petroleum, Inc.,* 376 N.W.2d 98, 101 (Iowa 1985); *State v. Marti,* 290 N.W.2d 570, 586 (Iowa 1980). In view of the evidence that he did sign Kelly's name, we necessarily find that respondent lied under oath.

Respondent's defense otherwise consisted of evidence of his large practice and problems presented by turnovers in office personnel and the general chaotic conditions under which he worked. We find these facts, if true, would not excuse the deliberate acts of respondent disclosed by this record.

We note in passing respondent presented evidence of his reputation for truth and veracity through two district court judges. The record indicates they were not subpoenaed[2] and appeared voluntarily upon request. If this is the fact, he may have led these judges to violate the Iowa Code of Judicial Conduct. *See* Canon 2(B) ("He [or she] should not testify voluntarily as a character witness."). Neither of these witnesses was examined regarding knowledge of respondent's prior disciplinary suspension, nor did they have any knowledge of this charge.

Considering all of the circumstances disclosed by this record we find respondent's license should be revoked.

LICENSE REVOKED.

---

2. *See* Grievance Comm'n R. 11.