**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Larry L. FUGATE, Respondent.**

No. 86–1025.

Supreme Court of Iowa.

Oct. 15, 1986.

James E. Gritzner and Kasey W. Kincaid of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, and Hedo M. Zacherle, Des Moines, for complainant.

Larry L. Fugate, Iowa City, pro se.

Considered by HARRIS, P.J., and Mc-GIVERIN, WOLLE, LAVORATO and NEUMAN, JJ.

WOLLE, Justice.

The Committee on Professional Ethics and Conduct of the Iowa State Bar Association (committee) filed a six-count complaint against respondent Larry L. Fugate alleging that he had converted client funds to his own use on several occasions, failed to file Iowa and federal income tax returns when they were due in 1982 and 1983, and falsely certified that he had filed the returns. Respondent did not file an answer to the complaint. He did not appear at the hearing held before a panel of the Grievance Commission (commission) even though he had received satisfactory notice of the time and place of the hearing. Respondent did not respond to detailed requests for admission concerning each of the complaint's allegations, and we therefore deem the allegations to be admitted by respondent. Iowa R.Civ.P. 127 (1986); *Committee on Professional Ethics & Conduct v. Jackson*, 391 N.W.2d 699, 700 (Iowa 1986). The commission found that the evidence presented by the committee, as well as the failure to respond to requests for admission, amply supported all allegations contained in the six-count complaint. The commission recommended that respondent's license to practice law be revoked. We agree and revoke his license.

We review the record de novo. *Committee on Professional Ethics & Conduct v. Bromwell*, 389 N.W.2d 854, 855 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Piazza*, 389 N.W.2d 382, 383 (Iowa 1986). We are not bound by the commission's findings but give them re-

spectful consideration. *Jackson*, 391 N.W.2d at 699. A convincing preponderance of the evidence supports the commission's findings.

For several years respondent failed to maintain a satisfactory trust account; he commingled his clients' funds with his own and did not separately account for or segregate clients' funds. Respondent also converted clients' funds for his own use on several occasions, thereby committing several very serious violations of the Iowa Code of Professional Responsibility for Lawyers.

In June of 1983 respondent received a check in the amount of $3,000.00 in settlement on behalf of a client named Yoder. Respondent deposited it in his trust account and paid to himself a fee of $750.00. He later withdrew $2,005.00 from the trust account and converted it to his own use. He was not entitled to that money.

In a separate incident, respondent agreed to collect and hold in trust rent payments from lessees Greg and Mary Timlin to his client Doug Duss, the lessor of certain Iowa City property. In July of 1984, Greg wrote a check in the amount of $275.08. Respondent deposited $100.08 of that check in his trust account, converting the remaining amount to his own use. In September, Timlin gave respondent a $550.16 check intended for respondent's client, but instead of depositing it in the trust account respondent converted the entire amount to his own use. Later respondent wrote a check payable to Duss in the amount of $825.32 representing the funds which were to have been collected and held in trust for him. That check was later returned because there were insufficient funds in the trust account to cover it.

In another incident, respondent received $500.00 in settlement on behalf of client Jim Kretschmer. Respondent deposited the $500.00 in his trust account on approximately July 5, 1984. Although he was entitled to only $125.00 for his legal services, respondent withdrew $401.00 of these funds and converted that amount to his own use.

Finally, in March of 1985 Dorothy Joseph, a client's mother, advanced $1,000.00 to respondent in order that he might retain an expert witness for her daughter's case. Respondent did not place the money in his trust account, but instead deposited $650.00 in his office account and retained the remaining $350.00 cash. No expert testified in the case. When confronted later about the money, respondent wrote a check to Dorothy Joseph on the trust account in the amount of $1,000.00, knowing at the time he wrote the check that the account contained insufficient funds to cover it.

The record further establishes that respondent did not file Iowa income tax returns for 1982 and 1983 or a federal income tax return for 1983. Respondent falsely certified on his 1984 Client Security statement and questionnaire that he had filed the 1982 returns. Respondent's license to practice law was temporarily suspended in 1984 because he did not file that combined statement and questionnaire when it was due.

We agree with the commission's determination that respondent's conduct violated several provisions of the Iowa Code of Professional Responsibility for Lawyers: EC 1–5 (maintenance of high standards of professional conduct); DR 1–102(A)(1) (violation of disciplinary rule); DR 1–102(A)(3) (conduct involving moral turpitude); DR 1–102(A)(4) (dishonesty, fraud, deceit or misrepresentation); EC 9–5 (separation of client's funds); DR 9–102(A) (maintenance of trust account for only client's funds); and DR 9–102(B) (maintenance of a record of those funds). *See Committee on Professional Ethics & Conduct v. Shifley*, 390 N.W.2d 133, 134 (Iowa 1986); *Piazza*, 389 N.W.2d at 383; *Committee on Professional Ethics & Conduct v. Vasey*, 373 N.W.2d 146, 147 (Iowa 1985); *Committee on Professional Ethics & Conduct v. McKey*, 343 N.W.2d 489, 490 (Iowa 1984); *Committee on Professional Ethics & Conduct v. O'Connor*, 329 N.W.2d 1, 4 (Iowa 1983); *Committee on Professional Ethics & Conduct v. Pappas*, 313 N.W.2d 532, 533–34

(Iowa 1981); *Committee on Professional Ethics & Conduct v. Toomey*, 253 N.W.2d 573, 575 (Iowa 1977). Respondent also violated EC 2–8 (attorney client relationship based on trust and confidence); EC 9–1 (promote public confidence in system and legal profession); and EC 9–6 (duty to uphold integrity and honor of profession). *See Committee on Professional Ethics & Conduct v. Glenn*, 390 N.W.2d 131, 133 (Iowa 1986); *Shifley*, 390 N.W.2d at 134; *Piazza*, 389 N.W.2d at 383.

We will not countenance conversion of client funds by persons we license to practice law. Our decisions consistently hold that revocation, rather than suspension, is the appropriate discipline for the commingling and conversion of client funds. *Shifley*, 390 N.W.2d at 135; *O'Connor*, 329 N.W.2d at 4; *Committee on Professional Ethics & Conduct v. Thompson*, 328 N.W.2d 520, 523–24 (Iowa 1983); *Pappas*, 313 N.W.2d at 534; *Committee on Professional Ethics & Conduct v. Shaffer*, 230 N.W.2d 1, 2 (Iowa 1975); *Committee on Professional Ethics & Conduct v. Rowe*, 225 N.W.2d 103, 104 (Iowa 1975); *Committee on Professional Ethics & Conduct v. Bronemann*, 210 N.W.2d 607, 608 (Iowa 1973); *Committee on Professional Ethics & Conduct v. Sturek*, 209 N.W.2d 899, 899 (Iowa 1973).

Respondent's commingling and conversion of client funds, income tax violations, false certification, and previous license suspension, taken together, call for revocation of his license to practice law in Iowa. His license is revoked.

LICENSE REVOKED.