COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Gary F. McCLINTOCK, Respondent.

No. 89–507.

Supreme Court of Iowa.

July 19, 1989.

Charles L. Harrington, Des Moines, for complainant.

Mark E. Schantz of Dickinson, Throckmorton, Parker, Mannheimer & Raife, P.C., Des Moines, for respondent.

Considered by LARSON, P.J., and CARTER, NEUMAN, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

The Committee on Professional Ethics and Conduct of the Iowa Bar Association filed a complaint against attorney Gary F. McClintock that was heard by a division of the Grievance Commission. The commission found McClintock failed to remit court appointed attorney fees to his law partnership. It found McClintock had violated disciplinary rules DR 1–102(A)(1) (prohibits violation of disciplinary rules), (A)(3) (prohibits illegal conduct involving moral turpitude), and (A)(6) (prohibits conduct that adversely reflects on the lawyers' fitness to practice law), and ethical consideration EC 1–5 (requires high standards of professional conduct). The commission unanimously recommended that attorney McClintock be reprimanded.

When no appeal is taken, we review de novo the record made before the commission, determine the matter, and take appropriate action. Iowa Sup.Ct.R. 118.10. We are not bound by the commission's findings but give them respectful consideration. *Committee on Professional Ethics & Conduct v. Steele*, 414 N.W.2d 108, 109 (Iowa 1987).

McClintock has been licensed to practice law in Iowa since 1965. In 1974 he left employment with a bank and entered pri-

vate practice as a member of a law partnership in Independence, Iowa. By 1978, the partnership consisted of three partners. There was no written partnership agreement. The partners orally agreed as to the division of net proceeds from the practice and each partner could draw from the partnership account without approval of the other partners.

The law office normally opened at 9:00 a.m. McClintock served as court-appointed counsel for many persons involved in involuntary commitments to the mental health institute at Independence. He normally met with these clients between 8:00 a.m. and 8:30 a.m. and the first commitment hearings were generally completed by 9:00 a.m.

Court appointed attorney fees were paid by check issued to the appointed attorney. The checks for local counsel were delivered to the clerk of the district court who then deposited the checks in a box maintained for the attorney in the clerk's office.

During the period between 1978 and 1987, McClintock turned over approximately 75% of the court-appointment checks to the law firm secretary for deposit in the partnership bank account. The remaining 25% of the checks were endorsed by him and used for his own purpose. He did not report or discuss with his law partners this practice of retaining a portion of the court appointed legal fees.

One of the law firm partners learned of the practice from his secretary. When he confronted McClintock with this information, McClintock admitted the practice and agreed to account for the fees and make full restitution to the partners for the fees he had retained. Over the nine-year period, McClintock had retained checks totaling $6,990.70. He agreed these checks represented fees for legal services that belong to the law partnership. He reported his violation of the Code of Professional Responsibility for Lawyers to the Committee on Professional Ethics and Conduct.

He made full restitution to members of the law firm. His law partners trust him and are willing to continue the partnership law practice. He has been truthful with the court and with his clients about his practice. Affidavits of other attorneys, clients, and members of the community were submitted at the hearing before the Grievance Commission to show McClintock's good reputation and character for honesty, integrity and truthfulness.

An attorney cannot resort to self-help to rectify what may be perceived to be an inequity in the division of law partnership earnings. Most law partnerships are founded upon a total trust and confidence among the partners. A breach of this exceedingly close relationship merits disciplinary action. Although McClintock's conduct did not involve an attorney-client relationship, his conduct is governed by the Code of Professional Responsibility.

Although severe sanctions may be justified in cases involving attorneys' conduct with members of their law firms or partnerships, we agree with the commission's recommendation in this case. McClintock has no prior disciplinary record. He reported the violation and fully cooperated with the committee.

We hereby reprimand attorney McClintock. It is ordered that the costs of this action be assessed against him in accordance with Iowa Supreme Court Rule 118.-22.

ATTORNEY REPRIMANDED.