**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF The IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**James L. OTTESEN, Respondent.**

**No. 94–1237.**

Supreme Court of Iowa.

Dec. 21, 1994.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

James L. Ottesen, Davenport, pro se.

Considered by HARRIS, P.J., and LARSON, LAVORATO, ANDREASEN, and TERNUS, JJ.

HARRIS, Justice.

This attorney disciplinary case presents only the question of an appropriate sanction, and the answer is close to automatic. There is no place in our profession for lawyers who convert funds entrusted to them. It is almost axiomatic that we revoke licenses of lawyers who do so. The attorney involved here took client trust funds and converted them to his own use. We find no reason to depart from the policy demanding revocation.

Since his admission in 1968 respondent James L. Ottesen has practiced law in Scott County, since early 1990 as a sole practitioner. During a three-month period in the fall of 1990, without knowledge or authorization of his clients, Ottesen withdrew their funds from his trust account and converted them to his own use. The converted funds totaled at least $7334.

Even though the funds were repaid, this violation of DR 1–102(A)(3) and (4), without more, would require revocation. As routinely occurs though, other violations were implicated. Ottesen also failed to maintain adequate trust account records, or to perform regular and adequate reconciliations of the trust fund accounts, violations of DR 9–102(A) and DR 9–103(A) and (B).

There was another count in the complaint: neglecting his responsibilities regarding a conservatorship, a matter of serious import and a violation of DR 6–101(A)(3). In view of the sanction imposed on count I however we need not discuss this failure or Ottesen's failure to respond to the committee's investigation.

The commission, while recognizing the seriousness of Ottesen's violations, was nevertheless moved to recommend only a three-year suspension. It was impressed by Ottesen's candor, contriteness, years of professional service, and the fact that no client ended up harmed because client funds were eventually restored. The commission was also moved by the obvious financial pressures on Ottesen at this time. He had only recently begun his sole practice and three of his eight children were in college.

These matters, though they add distress to what we see as our clear duty in fixing the sanction, do not control. They are outweighed by the stern demands of public interest. The public, as well as our profession in its service to it, needs to know that disbarment is almost certain to follow a lawyer's conversion of a client's funds.

**LICENSE REVOKED.**