**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS & CONDUCT, Complainant,**

v.

**Kenneth C. SCHATZ, Respondent.**

No. 99–66.

Supreme Court of Iowa.

June 3, 1999.

Norman G. Bastemeyer and David J. Grace, Des Moines, for complainant.

Kenneth C. Schatz, respondent pro se.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and CADY, JJ.

CADY, Justice.

In this attorney disciplinary proceeding, the Iowa Supreme Court Grievance Commission recommended we revoke the license of Kenneth C. Schatz to practice law because he converted law firm funds and evaded the payment of income tax. On

our de novo review, we agree with the findings and recommended sanction of the commission.

## I. Background Facts and Proceedings.

Kenneth Schatz was a long-time partner in a large Sioux City law firm. He graduated from law school in 1971 and became a partner in the firm in 1979. He primarily practiced in the areas of estates and trusts, as well as corporation and business matters. From all appearances, he was a successful, trusted, and devoted attorney.

In December 1996, the law firm detected an irregularity involving a legal fee paid to the firm. The fee was paid by a check which was deposited into Schatz's personal bank account. The partnership agreement required all partners to pay legal fees into the partnership. Schatz admitted wrongdoing when confronted by the members of the law firm, but indicated the matter was an isolated incident. A subsequent internal investigation by the law firm, however, revealed Schatz had converted over $140,000 in legal fees over a period of many years.

Schatz was terminated from the firm and charged in district court with theft and income tax evasion. On August 3, 1998, he pled guilty to theft in the second degree in violation of Iowa Code sections 714.1(1) and 714.2(2) (1997), and income tax evasion in violation of Iowa Code section 422.25(8). He was sentenced to two consecutive terms of incarceration of five years and fined $7500. He had previously entered into a confession of judgment with his former law firm, and had paid all existing tax liability.

The Iowa Supreme Court Board of Professional Ethics and Conduct filed a complaint against Schatz following the sentencing. The complaint alleged numerous violations of the Code of Professional Responsibility as well as Iowa Code section 602.10122(1).

A hearing on the complaint was scheduled before the commission on November 9, 1998. On the date of the hearing, the commission received a motion for continuance filed by Schatz. He asked for additional time to present witnesses who were not available to testify. He claimed his incarceration had hindered his ability to make arrangements for these witnesses to appear at the hearing. The motion was denied, and the complaint proceeded to hearing. Schatz presented six witnesses, and testified on his own behalf. He also introduced numerous letters of support. Schatz cited family medical and financial problems, as well as his own clinical depression, to explain his conduct.

The commission found Schatz's criminal conduct violated DR 1–102(A)(3), (4), (5), and (6). It also found the two felony convictions conclusively rendered him unfit to practice law. The commission recommended revocation of Schatz's license to practice law.

## II. Standard of Review.

■ Schatz did not file a notice of appeal from the commission report. Although he again alleged this failure resulted from difficulties in receiving and transmitting mail from the prison, we nevertheless review the matter de novo. *See* Ct.R. 118.10; *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sylvester,* 548 N.W.2d 144, 146 (Iowa 1996). It is our responsibility to ultimately determine attorney disciplinary matters. *Id.*

## III. Violation.

Before considering the violation of any disciplinary rules, we address the complaint lodged by Schatz that the commission should have granted him a continuance of the hearing. The motion was properly denied. The written motion did not identify the witnesses who were unavailable for the hearing, and Schatz failed to identify any such witnesses prior to the hearing, or the nature of any proposed testimony. The motion was not supported by good cause, and Schatz suffered no prejudice.

We agree with the commission the evidence clearly established the violation of DR 1–102(A)(3) (illegal conduct involving moral turpitude), DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1–102(A)(5) (conduct prejudicial to the administration of justice), and DR 1–102(A)(6) (conduct which adversely reflects on the fitness to practice law). Schatz repeatedly converted law firm funds to his own use and evaded Iowa income tax by failing to report the funds as income. He pled guilty to two felony offenses. These convictions constituted conclusive evidence of his unfitness to practice law. *See* Iowa Code § 602.10122(1).

## IV. Discipline.

We decide the appropriate sanction based upon the circumstances of each case. *Committee on Prof'l Ethics & Conduct v. Shifley*, 390 N.W.2d 133, 135 (Iowa 1986). Factors which help guide our determination include the "nature of the alleged violations, the need for deterrence, protection of the public, maintenance of the reputation of the bar as a whole and the respondent's fitness to continue in the practice of law." *Committee on Prof'l Ethics & Conduct v. Blomker*, 379 N.W.2d 19, 21 (Iowa 1985).

We have previously indicated the conversion of client and partnership funds supports revocation. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Carr*, 588 N.W.2d 127, 129 (Iowa 1999); *Sylvester*, 548 N.W.2d at 147; *Committee on Prof'l Ethics & Conduct v. Piazza*, 405 N.W.2d 820, 824 (Iowa 1987). Moreover, we have warned that severe sanctions may be justified in cases limited to the conversion of law firm or partnership funds. *Committee on Prof'l Ethics & Conduct v. McClintock*, 442 N.W.2d 607, 608 (Iowa 1989).

We begin our consideration of the discipline to impose in this case by looking at the nature of the violations. Schatz was convicted of two felonies involving theft and deceit. A felony conviction, alone, can be conclusive evidence for the imposition of the ultimate form of discipline for a lawyer. *Sylvester*, 548 N.W.2d at 147. Moreover, the felonies committed by Schatz involved conduct which continued over a long period of time. The amount of funds converted was substantial, and Schatz was less than honest with his partners when the conversion surfaced.

We have previously emphasized our obligation to protect the public and the courts from theft and deceit. *Shifley*, 390 N.W.2d at 135. This obligation is no less important when the theft and deceit does not directly involve client funds. The same lack of trust is implicated, whether the funds are those of a client or another lawyer. Likewise, the need to maintain the reputation of the bar as a whole is the same, as is the need to deter other lawyers from engaging in similar conduct. Trust is not reserved for clients, but lies at the very heart of the profession.

We are mindful the evidence reveals another side to Schatz. He has made numerous contributions to the profession and his community over his many years of practice, and has positively impacted others in his work. He also struggled with depression, which has been successfully treated since the theft was detected. Nevertheless, the conduct perpetrated by Schatz is too serious to impose any other sanction than revocation.

Considering all our guidelines and the particular facts of this case, we conclude revocation is the appropriate sanction. The conduct engaged in by Schatz reveals he is unfit to continue to practice law. We therefore revoke the license of Kenneth C. Schatz to practice law.

Costs are assessed against Schatz pursuant to Court Rule 118.22. Schatz shall comply with any necessary notification requirements of Court Rule 118.18.

**LICENSE REVOKED.**