# IN THE SUPREME COURT OF IOWA

No. 18–0906

Filed September 14, 2018

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD,**

Complainant,

vs.

**TODD W. KOWALKE,**

Respondent.

On review from the Iowa Supreme Court Grievance Commission.

Grievance commission recommends the revocation of an attorney's license to practice law for violations of ethical rules. **LICENSE REVOKED.**

Tara van Brederode, for complainant.

Todd W. Kowalke, Cresco, pro se.

**CADY, Chief Justice.**

The Iowa Supreme Court Attorney Disciplinary Board charged attorney Todd Kowalke with violating the rules of professional conduct during his representation of the executors of an estate. The Iowa Supreme Court Grievance Commission found Kowalke violated several rules of professional conduct and recommended revocation of his license to practice law. Upon our de novo review, we find Kowalke converted client funds for his personal use, and we revoke his license to practice law in the State of Iowa.

## I. Background Facts and Proceedings.

Todd Kowalke practices law in Cresco, Iowa. He was admitted to the Iowa bar in 1994. He is also a certified public accountant.

In 2009, Kowalke agreed to serve as the attorney for the coexecutors of the estate of Violet B. Brokken. The parties entered into a fee agreement, which provided that Kowalke would accept a fee "equal to the amount set forth in Iowa Code section 633.197."[1] He prepared and filed a petition for probate of her last will and testament. He obtained an order from the district court that appointed the coexecutors and admitted the will to probate.

Almost from the beginning, Kowalke neglected essential duties and responsibilities as the attorney for the executors. He failed to respond to an email from a great-nephew of the decedent and was late in filing the probate inventory and the initial interlocutory report. In 2011, the interlocutory report indicated the fiduciary income tax returns and the final report had not been completed. The 2012 interlocutory report

---

[1]Section 633.197 provides, in relevant part, "Personal representatives shall be allowed such reasonable fees as may be determined by the court for services rendered . . . ." Iowa Code § 633.197 (2009).

indicated the remaining work on the estate included filing the income tax returns, locating several great-nephews and nieces, and completing the final report. Kowalke reported the same remaining work in the interlocutory reports filed in 2013, 2014, and 2015. Beginning in 2013, the district court responded to the reports by ordering Kowalke to complete the tasks necessary to close the estate. Although Kowalke represented to the court in each report that the estate was near completion, he failed to meet his projected deadline each time.

During the pendency of the estate, the coexecutors deposited estate funds into Kowalke's law firm trust account. In 2011, they deposited $132,707.89 into the account. In 2015, the coexecutors deposited $38,809.06 into the account.

Kowalke withdrew estate funds from the trust account on several occasions. In 2011, he withdrew $3692.18. The client ledger for the trust account reflected this sum represented attorney fees for his services, but the district court had not authorized the fees before Kowalke withdrew them from the trust account. In 2015, he withdrew $2500 from the trust account and deposited the funds into his firm business account. The memo line on the trust account check designated the funds as "Brokken Estate Fees," but the transaction again occurred without court authorization. After making some distributions to heirs, Kowalke's client ledger reflected a balance of $35,470.06 held in trust for the estate.

In January 2016, Kowalke withdrew $10,000 of estate funds from the trust account for his personal use. He also withdrew approximately $23,000 of estate funds to cover expenses relating to other client matters.

In May 2016, Kowalke filed an application with the district court for fiduciary and attorney fees in the estate. He computed the attorney fees to be $3692.18, the same amount he withdrew as fees in January 2011. The court did not grant his request for attorney fees.

In March 2017, Kowalke filed another interlocutory report. The report indicated additional work needed to be performed before the estate could be closed. Frustrated, the district court threatened to remove Kowalke as the representative for the coexecutors. It also ordered Kowalke to close the estate by July 31, 2017. Kowalke failed to comply with this order.

In August 2017, the Iowa Supreme Court Attorney Disciplinary Board filed a complaint against Kowalke stemming from his handling of the estate. A few weeks later, the district court removed Kowalke as the attorney for the coexecutors and replaced him with attorney Robert Story.

In October 2017, attorney Story filed an application with the district court for Kowalke to deliver the $35,407.06 in estate funds that should have been in the trust account. The district court ordered Kowalke to produce an accounting and restore the funds. Kowalke failed to comply with this order.

At a subsequent show cause hearing, Kowalke testified he had provided attorney Story with "the transaction ledger for the Violet Brokken Estate showing that there should be $35,407.06 in my trust account for their benefit less fees and advances that I have taken." He continued,

> I don't have the money. I'm sorry. I mean, that's the bottom line. I have been working with the Grievance Commission. I have been tapping every resource I can. And as soon as I

can, I will restore that money. But at this point I do not have the money to restore is the bottom line on this thing.

The court inquired about the absence of a court order granting his May 2016 application for $3692.18 in attorney fees. Kowalke testified that he believed "there was an order but maybe, you know—I guess I did not research that to see." The court additionally inquired about the $2500 he withdrew in December 2015. Kowalke testified, "No, that was not authorized. I did not recall the original fees being taken. That was my error." In February 2018, the court issued a written order finding Kowalke in contempt of court.

The Board subsequently amended its complaint, and the matter proceeded to a hearing on a joint stipulation. The commission concluded Kowalke violated the Iowa Rules of Professional Conduct, including rule 32:1.3 (failing to act with "reasonable diligence and promptness in representing a client"), rule 32:1.5(a) (collecting a fee in violation of the law), rule 32:1.15(a) (failing to hold client "property . . . in . . . lawyer's possession in connection with a representation separate from lawyer's own property"), rule 32:1.15(c) (withdrawing unearned fees from client trust account), rule 32:1.15(d) (failing to promptly deliver and provide a full accounting of client funds), rule 32:1.15(f) (failing to abide by Iowa Court Rules governing client trust accounts), rule 32:3.3(a)(1) (knowingly "mak[ing] a false statement of fact . . . to a tribunal"), rule 32:8.4(b) ("commit[ting] a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects" by violating Iowa Code section 602.10119, section 714.1(2), and section 714.2(1)), rule 32:8.4(c) ("engag[ing] in conduct involving dishonesty, fraud, deceit, or misrepresentation), and rule 32:8.4(d) ("engag[ing] in conduct prejudicial to the administration of justice").

The commission observed Kowalke did not submit any mitigating circumstances. Further, the commission noted several aggravating circumstances were present, including Kowalke's experience; prior disciplinary record; a pattern of misconduct; and harm to his clients, the public, and the legal system. The commission recommended we revoke Kowalke's license.

## II. Standard of Review.

We review attorney disciplinary cases de novo. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Cross*, 861 N.W.2d 211, 217 (Iowa 2015). The Board has the burden of proving a violation of an ethical rule "by a convincing preponderance of the evidence." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Van Ginkel*, 809 N.W.2d 96, 102 (Iowa 2012). "A convincing preponderance of the evidence is more than a preponderance of the evidence, but less than proof beyond a reasonable doubt." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Thomas*, 844 N.W.2d 111, 113 (Iowa 2014) (quoting *Iowa Supreme Ct. Att'y Disciplinary Bd. v. McCarthy*, 814 N.W.2d 596, 601 (Iowa 2012)).

Finally, "[a] stipulation of facts by the parties is binding on the parties." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Gailey*, 790 N.W.2d 801, 803 (Iowa 2010). However, we are not "bound by a stipulation of a violation or of a sanction." *Id.* at 804. Upon our de novo review of the record, we "determine whether an attorney's conduct violates our ethical rules, and if it does, we must determine the proper sanction for the violation." *Id.* We are free to "impose a lesser or greater sanction than recommended by the commission." *Van Ginkel*, 809 N.W.2d at 102.

## III. Violations.

On our review of the record, we agree that Kowalke violated the rules of professional conduct identified by the commission. He neglected

essential responsibilities, withdrew attorney fees without court authorization, deposited funds into his firm business account rather than trust account, failed to deliver client funds when ordered by the court, and knowingly made false statements to the court in a report. Most significantly, however, Kowalke converted client funds for his own use. Because this finding is dispositive of the outcome of this proceeding, it is unnecessary to discuss the other violations in detail. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Carter*, 847 N.W.2d 228, 231–32 (Iowa 2014).

Kowalke converted or misappropriated client funds in several ways and on multiple occasions. First, Kowalke withdrew advance attorney fees for which he had no colorable future claim. In January 2011, he withdrew $3692.18 from the trust account in payment for his legal services. In December 2015, however, he again withdrew $2500 from the account as attorney fees. When he finally sought court approval for the attorney fee payment of $3692.18 in May 2016, he asserted the fee represented the total work performed for the estate. He never filed a claim for additional attorney fees. Moreover, when faced with the Board's claim of conversion of the $2500, he asserted no defense of a colorable future claim to the funds. *See* Iowa Ct. R. 36.8(1)–(2).

An attorney commits theft when he or she "[m]isappropriates property which the person has in trust . . . by using or disposing of it in a manner which is inconsistent with or a denial of the trust or of the owner's rights in such property." Iowa Code § 714.1(2) (2015). Kowalke withdrew $2500 in advance attorney fees without any colorable future claim in violation of Iowa Code section 714.1(2).

Additionally, between January 2016 and December 31, 2017, Kowalke converted in excess of $10,000 in estate funds for his own

personal use. He then converted additional funds to pay other clients. Kowalke provided no additional explanation or context for the conversion, and conceded he had no colorable future claim to the funds. Kowalke therefore converted client funds in violation of Iowa Code sections 714.1(2) and 714.2(1). *See* Iowa Code § 714.2(1) ("The theft of property exceeding ten thousand dollars in value . . . is theft in the first degree. Theft in the first degree is a class "C" felony.").

Finally, after the district court replaced Kowalke as attorney for the coexecutors, it ordered him to return the $35,470.06 in estate funds shown in his client ledger. During the show cause hearing, he stated he did not have the money and could not restore the balance to the trust account. Indeed, at the time of the hearing, Kowalke's trust account showed a balance of $3867.77. Thus, Kowalke misappropriated estate funds in violation of Iowa Code sections 714.1(2) and 714.2(1).

Although the record does not reveal if Kowalke has been charged with a crime, "a criminal conviction is not a prerequisite to finding a violation under our rules." *Thomas*, 844 N.W.2d at 116. Professional misconduct occurs when an attorney commits "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." Iowa R. Prof'l Conduct 32:8.4(b). Similarly, professional misconduct includes "conduct involving dishonesty, fraud, deceit, or misrepresentation." *Id.* r. 32:8.4(c). Because we find Kowalke converted client funds held in trust for his own personal use, we find Kowalke violated rules 32:8.4(b) and (c).

## IV. Sanctions.

As we have repeatedly affirmed, "[t]here is no place in our profession for attorneys who convert funds entrusted to them. It is almost axiomatic that we revoke licenses of lawyers who do so." *Thomas,*

844 N.W.2d at 117 (alteration in original) (quoting *Comm. on Prof'l Ethics & Conduct v. Ottesen*, 525 N.W.2d 865, 866 (Iowa 1994)). In fact, we have found revocation appropriate "in nearly every case where an attorney converts client funds without a colorable claim." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Guthrie*, 901 N.W.2d 493, 500 (Iowa 2017). Kowalke withdrew over $10,000 of client funds for his own personal use, and ultimately misappropriated over $31,000 of client funds. His behavior is antithetical to the standards of ethics and professionalism we demand from Iowa attorneys, and we agree revocation is the appropriate sanction.

## V. Conclusion.

Attorney Todd Kowalke's license to practice law in the State of Iowa is revoked. All costs in relation to this proceeding are assessed against him. Iowa Ct. R. 36.24(1).

**LICENSE REVOKED.**

All justices concur except Wiggins, Hecht, and Christensen, JJ., who take no part.