**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Michael G. SHEPHERD, Respondent.**

**No. 88–1129.**

Supreme Court of Iowa.

Nov. 23, 1988.

Kasey W. Kincaid of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for complainant.

Michael G. Shepherd, Des Moines, pro se.

Considered by LARSON, P.J., and SCHULTZ, CARTER, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

A fifteen-count complaint was filed against attorney Michael G. Shepherd by the Ethics Committee (committee) of the Iowa Bar Association. The complaint was heard by a division of the Grievance Commission (commission). It found Shepherd had violated numerous ethical and disciplinary rules and recommended revocation of his license to practice law.

The facts that formed the basis of the complaint were admitted by Shepherd at the commission hearing and were also admitted by operation of law when he did not respond to the committee's request for admissions. *See* Iowa R.Civ.P. 127. We review de novo the record made before this commission, determine the matter, and take appropriate action. Iowa Sup.Ct.R. 118.10.

### I. *Facts.*

Michael G. Shepherd has been engaged in the practice of law for nineteen years. He is a sole practitioner in West Des Moines, Iowa. The complaint filed against him arises from his representation of Charles Varellas, Frederick Heckinger, Keith and Sharon Thomas, Eileen Phillips, George and Patricia Davison, and Dan and Betty Shafer. We find, as did the commission, that Shepherd neglected the legal matters entrusted to him, misrepresented the status of the cases to his clients, comingled and converted client funds, and failed to respond to clients' inquiries as well as inquiries from the ethics committee.

Shepherd's inaction and neglect were prejudicial to the interests of his clients. His failure to comply with appellate rules resulted in dismissal of the Varallas' dissolution of marriage appeal. His failure to appear or otherwise handle criminal citations issued to Keith Thomas and the minor son of Frederick Heckinger resulted in the issuance of warrants for their arrest. His failure to promptly and properly handle private adoptions for the Shafers and the Davisons caused unnecessary risks and concerns for the adoptive parents.

On several occasions, Shepherd misrepresented the status of services he had performed for his clients. He misrepresented to Varellas that the dissolution of marriage appeal had not been dismissed when he knew it had been dismissed. Shepherd advised Thomas that he had taken care of his criminal citation, when in fact he had not. He falsely represented to Phillips that he had obtained the client's file from her prior attorney. He misrepresented the progress and status of the adoption proceedings to both the Shafers and the Davisons. He refused to respond to the clients' inquiries regarding the status or progress of their case.

Shepherd comingled and converted the funds of his clients. At the time he was retained, Shepherd received the sum of $1000 from Varellas, $100 from Thomas, $250 from Phillips, $5000 from the Davisons and $6000 from the Shafers. These payments were client funds available for payment of expenses and earned attorney fees. Shepherd maintained funds in both a bank trust account and an office account. At the time the client payments were received by Shepherd, he had not provided any of the services that he was retained to perform. Only the Davison and Shafer payments were deposited in the trust account; the other payments were deposited in Shepherd's office account. Within two weeks after depositing Davisons' $5000 in the trust account, Shepherd transferred $2500 to a third party as a personal loan. After the loan was repaid and the $2500 returned to the trust account, Shepherd transferred $2500 out of the trust account into his office account for personal use. In explanation of the transfer of $2500 to his office account, Shepherd testified, "A majority of it would probably not be earned, but that was the way that I ran my office. When I receive a retainer, I consider that my money." He also transferred $3000 from the Shafer trust account to his office account.

Shepherd refused to make accountings of client money when requested to do so by Varellas, Phillips, the Davisons and the Shafers. He also refused to respond to ten separate ethics committee inquiries regarding the complaints.

## II. *License Revocation.*

The commission found and we agree Shepherd violated several provisions of the Code of Professional Responsibility including: EC 1–5 (requires high standards of professional conduct); EC 6–1 (requires competence and proper care in representing clients); EC 6–4 (requires adequate preparation for and appropriate attention to legal work); EC 9–6 (requires lawyers to uphold the integrity of the profession and inspire confidence of clients and public); DR 1–102(A)(1) (prohibits violation of a disciplinary rule); DR 1–102(A)(3) (prohibits illegal conduct involving moral turpitude); DR 1–102(A)(4) (prohibits dishonesty, fraud, deceit or misrepresentation); DR 1–102(A)(5) (prohibits conduct prejudicial to the administration of justice); DR 1–102(A)(6) (prohibits conduct that adversely reflects on the lawyer's fitness to practice law); DR 6–101(A)(2) (prohibits handling legal legal matters without adequate preparation); DR 6–101(A)(3) (prohibits neglect of matters entrusted to care); DR 7–101(A)(1) (requires lawyers to seek lawful objections of clients); DR 7–101(A)(2) (prohibits intentional failure to carry out employment contract); DR 7–101(A)(3) (prohibits conduct that would prejudice or damage client during course of the professional relationship); DR 9–102(A) (requires all client funds to be deposited in identifiable trust account); DR 9–102(B) (requires records and accounting of client's trust account). In addition, Shepherd admitted violation of EC 1–4 (requires lawyer assist committees having responsibility for administration of disciplinary rules). There is also a convincing preponderance of evidence that Shepherd violated EC 9–5 (cautions against comingling funds to avoid even the appearance of impropriety).

Attorney disciplinary proceedings focus upon the fitness of a lawyer to continue in the practice of law. As we stated in *Committee on Professional Ethics & Conduct v. Vesole*, 400 N.W.2d 591, 593 (Iowa 1987),

> Attorney disciplinary proceedings are not designed to punish, but rather to determine the fitness of an officer of court to continue in that capacity, to insulate the courts and the public from

those persons unfit to practice law, to protect the integrity of and the public confidence in our system of justice, and to deter other lawyers from engaging in similar acts or practices.

*Id.* (quoting *Committee on Professional Ethics & Conduct v. Borchart*, 392 N.W.2d 491, 492 (Iowa 1986)).

■ Mishandling of client funds by a lawyer is particularly reprehensible. We have consistently held that revocation is the appropriate sanction for comingling and converting client funds. *See Committee on Professional Ethics & Conduct v. Piazza*, 405 N.W.2d 820, 824 (Iowa 1987); *see also Committee on Professional Ethics & Conduct v. Yates*, 420 N.W.2d 455, 458 (Iowa 1988).

■ We recognize the failure of an attorney to cooperate with the ethics committee should be met with severe sanctions. *See Piazza*, 405 N.W.2d at 823.

■ In determining what discipline is appropriate, we also consider prior disciplinary action taken against the lawyer. *Committee on Professional Ethics & Conduct v. Jackson*, 391 N.W.2d 699, 705 (Iowa 1986). In 1978, Shepherd's license was suspended for willful failure to file income tax returns and for filing false certificates with Client Security. *Committee on Professional Ethics & Conduct v. Shepard*, 271 N.W.2d 700, 701–02 (Iowa 1978). He was publicly reprimanded three times in 1986 for failure to make timely probate filings, failure to cure probate delinquencies, failure to respond to ethics committee inquiries, and for his attempt to deceive the court in order to secure a continuance of a court hearing. He was also publicly reprimanded in 1987 for failure to respond to an ethics committee inquiry and for improper suggestions made to a complaining party.

■ Shepherd has demonstrated a pattern of unprofessional conduct. He has neglected and abandoned client matters, misrepresented the status of the clients' cases, comingled and converted client funds, and refused to respond to client and ethics committee inquiries. In addition to

these disturbing ethics violations, he has a prior record of suspension and public reprimands.

Under these circumstances, it is imperative that we revoke Shepherd's license to practice law in this state. It is further ordered that the costs of this action be assessed against the respondent in accordance with Iowa Supreme Court Rule 118.-22. We also order the respondent to fully comply with Iowa Supreme Court Rule 118.18. Rule 118.18 includes requirements for the notification of clients and opposing counsel; the return of papers, property, and unearned fees to the client; and the filing of proof of compliance with the rule.

LICENSE REVOKED.