COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Lon R. TULLAR, Respondent.

No. 90–1824.

Supreme Court of Iowa.

March 20, 1991.

Charles L. Harrington, Des Moines, for complainant.

Roger J. Kuhle, Des Moines, for respondent.

Considered by HARRIS, P.J., and SCHULTZ, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

In March of 1990, the executive director of the Client Security and Attorney Discipline Commission (client security commission) reported that a preliminary staff investigation had disclosed possible violations of criminal law and disciplinary rules by attorney Lon R. Tullar. We ordered Tullar to appear and show cause why he should not be temporarily suspended from the practice of law. At the hearing we received an affidavit of an auditor with the client security commission, a letter from Tullar to the ethics administrator for the Committee on Professional Ethics and Conduct of the Iowa State Bar Association (committee), and admissions made by Tullar in a district court proceeding. We found Tullar had wrongfully appropriated not less than $18,458.05 of conservatorship funds. We temporarily suspended his license to practice law in this state on March 30, 1990.

In August of 1990, the committee filed a three count complaint with the Grievance Commission of the supreme court (grievance commission). The first count alleged misappropriation and conversion of funds; the second and third counts charged Tullar with receiving attorney fees in two estates without prior authorization, approval, or knowledge of the court.

Prior to hearing, the committee submitted requests for admissions. Iowa Sup.Ct.R. 118.6; Iowa R.Civ.P. 127. In response Tullar admitted he was attorney and executor of the Erwin Kammeyer estate, the guardian and conservator of Ruth Kammeyer, and following her death on April 17, 1989, the executor of her estate. Tullar admitted he misappropriated and converted to his own use funds belonging to the Erwin Kammeyer estate, the Ruth Kammeyer conservatorship, and the Ruth Kammeyer estate in the total amount of $37,293.89 ($6911.05 on February 21, 1986; $3745.73 on July 11, 1986; $1250 on December 30, 1986; $1000 on June 10, 1987; $12,593 on July 16, 1987; $2294 on October

7, 1988; and $9500.11 on May 5, 1989). Tullar admitted he received attorney fees without prior authorization, approval, or knowledge of the court in the Bertha Eldridge estate in the sum of $2000 and in the Paul Stanzel estate in the sum of $1000.

Tullar also admitted his conduct was unethical and unprofessional and violated the following provisions of the Iowa Code of Professional Responsibility for Lawyers: EC 1–5, EC 9–2, EC 9–5, EC 9–6, DR 1–102(A)(1), (3), (4), (5) and (6), DR 2–106(A) and DR 9–102(A) and (B).

The complaint was heard by the grievance commission on October 15, 1990. Tullar testified he had entered a plea of guilty to the criminal charge of theft in the first degree, a class "C" felony, based on his misappropriation of funds held in trust. He reported that full restitution of all funds taken had been made. He offered evidence to show he had fully cooperated with the committee, that he has a good reputation and is highly thought of and trusted in the community. The committee recommended Tullar's license to practice law be revoked. No appeal was taken by Tullar.

■ When no appeal is taken from the grievance commission's findings, conclusions and recommendations, we review de novo the record made before the grievance commission and determine the matter. Iowa Sup.Ct.R. 118.10.

Tullar was admitted to practice law in Iowa in 1975. After practicing law in Webster City for one year, where he also served as assistant county attorney, Tullar moved to Sac City. He maintained a general practice of law and served as Sac County Attorney in 1976–1982 and 1984–1985. He continued his practice in Sac City until his license was suspended in 1990.

Although an attorney subject to investigation or pending disciplinary action may consent to disbarment under Iowa Court Rule 118.15, Tullar chose to proceed with a hearing before the grievance commission even though he admitted acts and conduct in violation of the ethical considerations and disciplinary rules. He asked the grievance commission to recommend suspension rather than revocation.

■ Upon our de novo review, we give respectful consideration to the recommendations of the grievance commission, but we are not bound by them. *Committee on Professional Ethics & Conduct v. Seff,* 457 N.W.2d 924, 925 (Iowa 1990). We recognize the primary purpose of lawyer disciplinary proceedings is to protect the public, not to punish the lawyer. *Committee on Professional Ethics & Conduct v. Silver,* 395 N.W.2d 877, 879 (Iowa 1986). Here, the grievance commission's recommendation is in accord with our prior disciplinary sanctions in proceedings involving misappropriation and conversion of funds. In *Silver,* we revoked the lawyer's license for a single incident of conversion of $13,960.71. *Id.* We have stated: "[i]n the past we have disbarred attorneys found to have commingled client's funds with their own and converted them to their own use." *Committee on Professional Ethics & Conduct v. Pappas,* 313 N.W.2d 532, 534 (Iowa 1981). "We will not countenance conversion of client funds by persons we license to practice law. Our decisions consistently hold that revocation, rather than suspension, is the appropriate discipline for the commingling and conversion of client funds." *Committee on Professional Ethics & Conduct v. Fugate,* 394 N.W.2d 408, 410 (Iowa 1986). "Mishandling of client funds by a lawyer is particularly reprehensible. We have consistently held that revocation is the appropriate sanction for commingling and converting client funds." *Committee on Professional Ethics & Conduct v. Shepherd,* 431 N.W.2d 342, 344 (Iowa 1988). When an attorney violates the trust reposed in him by misappropriating funds of his clients, revocation "is the only way to impress on him and others the seriousness of these offenses." *Committee on Professional Ethics & Conduct v. Piazza,* 405 N.W.2d 820, 824 (Iowa 1987).

Tullar violated his duties of trust as an officer of the court, as a fiduciary for the Kammeyer estates and conservatorship, and as a lawyer. He committed first-de-

gree theft. These violations demand revocation of his license.

LICENSE REVOKED.