The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Bernard J. CONNOLLY, Jr., Respondent.

No. 91–958.

Supreme Court of Iowa.

Oct. 16, 1991.

Charles L. Harrington, Des Moines, for complainant.

Bernard J. Connolly, Jr., pro se.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

The Committee on Professional Ethics and Conduct of the Iowa State Bar Association (committee) filed a three-count complaint against Bernard J. Connolly, Jr. The complaint alleged Connolly misappropriated client funds, neglected client's legal matters, and that he lied to his clients about the status of their claim. Connolly did not respond to detailed requests for admission nor did he file an answer to the complaint or appear before a panel of the Grievance Commission (commission) although he was given notice of the time and place of hearing. Relying upon the admissions and other exhibits, the commission found Connolly had violated the Code of Professional Responsibility as charged and it recommended revocation of his license to practice law. *See Committee on Professional Ethics & Conduct v. Havercamp,* 442 N.W.2d 67, 69 (Iowa 1989) (Commission may rely upon matters in a request for admissions if not denied or otherwise objected to by the respondent.). No appeal was taken by Connolly.

When no appeal is taken from the commission's findings, conclusions, and recommendations, we review de novo the record made before the commission and determine the matter. Iowa Sup.Ct.R. 118.10.

Based on our de novo review of the record, we find that in April and May of 1990, Connolly misappropriated in excess of $26,000 that had been entrusted to Dinand, Ltd., a payroll service business he conducted. Under the payroll service agreement,

he received weekly checks from the employer and agreed to then write payroll checks and to pay withholding and other tax obligations of the employer. In his attempt to conceal his misappropriation of funds, Connolly wrote out, but did not deposit, checks and tax deposit coupons. He then provided the employer with photocopies of the checks and tax deposits as "proof" of the payment. When the committee received a complaint from the employer, it notified Connolly of the complaint and requested him to furnish a responsive statement. Connolly did not respond to the request.

In 1981 Connolly was retained by John and Darin Arey in a personal injury and property damage claim. After filing the suit in August of 1982, Connolly allowed the case to be dismissed for failure to bring the action to trial. Iowa R.Civ.P. 215.1. Although the case was later reinstated by the court, Connolly failed to complete discovery and to bring the matter to trial. He ignored telephone calls and letters from his client inquiring as to the status of their case. When notified that a complaint had been filed with the committee, Connolly did not respond to the request for a responsive statement.

In November of 1986 Connolly was retained by Reggie and Brenda Crawford in a dispute involving a swimming pool. He advised his clients that he had filed suit and that the case was set for trial in September of 1989. Later he told his clients that a settlement offer had been made, and the court had ordered payment of the settlement with daily penalty provisions. Actually, no suit had been filed by Connolly nor had any settlement been made. He admitted in a letter to the chairman of the committee that he had misled his clients about the filing of the suit.

The committee charged Connolly with violations of both ethical considerations and disciplinary rules of the Code of Professional Responsibility for Lawyers. EC 1–4, 1–5, 6–4, 9–2; and DR 1–102(A)(3), (4), (5), (6), 1–103(A), 6–101(A)(3), 7–101(A)(1), (2), and (3). We, like the commission, conclude the committee has proved the charges against Connolly.

We also agree that revocation of Connolly's license to practice law is the appropriate disciplinary sanction. We consistently treat misappropriation of client funds as an extremely serious violation of a lawyer's duty. *Committee on Professional Ethics & Conduct v. Tullar*, 466 N.W.2d 912, 913–14 (Iowa 1991). The committee was not required to prove Connolly was acting as a lawyer at the time of his misconduct; lawyers may be in violation of their professional responsibilities when conducting other business transactions or ventures. *Committee on Professional Ethics & Conduct v. Hall*, 463 N.W.2d 30, 35 (Iowa 1990). Neglect and indifference in handling legal work for a client is a violation of both ethical standards and disciplinary rules. *Committee on Professional Ethics & Conduct v. Nadler*, 467 N.W.2d 250, 253 (Iowa 1991). It is clearly an ethical violation to lie to a client. *Havercamp*, 442 N.W.2d at 70. Dishonesty violates a fundamental canon of legal ethics. *Committee on Professional Ethics & Conduct v. Wenger*, 469 N.W.2d 678, 679 (Iowa 1991). Failure to cooperate and to respond to inquiries from the committee violates ethical considerations and rules. *Nadler*, 467 N.W.2d at 253.

Based on our review of the record we revoke Connolly's license to practice law in Iowa. *See* Iowa Sup.Ct.R. 118.10. Costs are taxed to Connolly. Iowa Sup.Ct.R. 118.22.

LICENSE REVOKED.